Josephine M. Kraemer *v.* Guarantee Trust & Safe Deposit Co., Defendant, and Elizabeth Kitchenman, Intervener.

*Appeals—Supreme Court—Superior Court—Practice.*

The Supreme Court will exercise its jurisdiction to allow special appeals from the Superior Court sparingly and with great caution. Appeals will be allowed only in cases of peculiar gravity and general importance, and when the considerations are other than the mere desire or interest of the particular parties. The most obvious of these considerations are: the bearing of the question on public interest or rights, the importance of the decision as a precedent in frequently occurring litigation; diversity of opinion in other courts and consequent desirability of a final determination, and generally the preservation of uniformity in the application of legal principles.

The Supreme Court will not review a decision of the Superior Court construing a will, where such decision raises no question which is of importance to any but the parties immediately interested.

Petition filed Jan. 6, 1896, for special allowance of an appeal from judgment of Superior Court on Appeal No. 11, Nov. T., 1895, by defendant and intervener, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 926, on case stated, in favor of plaintiff. Reported in 1 Pennsylvania Superior Court Reports, 4.

Petition for special allowance of appeal from judgment of the Superior Court. Filed January 6, 1896.

The petitioner, Elizabeth Kitchenman, averred:

" That she is the intervener and practically the only defendant in above case. That the suit originated in a case stated, filed in the court of common pleas No. 1, for the county of Philadelphia. That the Superior Court obtained jurisdiction by appeal from the said court of common pleas No. 1. That the amount involved in the case stated was only $143, but said amount represents but a small and comparatively insignificant proportion of the sum actually in controversy. The case stated was filed in order to obtain a judicial construction of the will of Charles W. Kraemer, deceased ; and for the purposes of the case stated it was necessary that some sum should be set forth about which a controversy had arisen. For that purpose a very

small amount of income, accruing within a limited period of time from the principal of the estate, was brought into and made a part of the case stated; and whilst it would appear that it was only in reference to that sum that the decision of the Court applied, yet the adjudication of the question involved thereunder actually takes from your petitioner a sum of money that in all probability will amount to many thousand of dollars. The gross annual income from that estate amounts to $2,700 per annum. The contention of your petitioner is that under the will of Charles W. Kraemer, deceased, she is entitled to one third of the net income of the estate during the lifetime of Josephine M. Kraemer, the plaintiff. By the decision of the Superior Court your petitioner is deprived of this income as long as the said Josephine M. Kraemer lives. The said Josephine M. Kraemer is now about sixty-five years of age, and as it is possible that she will live many years, the loss to your petitioner already is nearly if not quite $1000, and in all probability will amount to between $5000 and $10,000. That petitioner thinks, from an expression in the opinion of the Superior Court, that said Court was misled into supposing that the entire estate was very small and the sum mentioned in the case stated represented income from the estate for a considerable period of time. The opinion mentions the fact that the estate is small. Where the Superior Court gained that information petitioner is unable to state, and the fact is that the estate is not very small, but on the contrary yields a gross annual income of nearly $3000 as above set forth.

" Your petitioner also avers that great injustice has been done her by reason of the decision of the Superior Court. Her contention before the lower court was that the will of Charles W. Kraemer, deceased, disposed of no part of his income and that therefore the income was distributable under the intestate law. Although the lower court gave no opinion, yet from the intimation of the judge who heard the case, while the argument was going on before him, petitioner was led to believe that in the opinion of that court the will did dispose of the income of the estate of Charles W. Kraemer. The Superior Court decided however that the will does not dispose of any income, but instead of awarding the income under the intestate law, there being no disposition by will of the same, the Superior Court

awards the entire income to Josephine M. Kraemer, the widow, during her life.   Your petitioner is advised that if the decision stands, it will introduce into the law of Pennsylvania a law or principle in the devolution of property that is not in accord with the laws or principles heretofore set forth by the decisions of the Supreme Court.

" She therefore prays that for the reasons above set forth, she and the Guarantee Trust & Safe Deposit Company may be allowed to appeal from the judgment of the Superior Court as above set forth to the Supreme Court of the commonwealth of Pennsylvania."

*Peter Boyd*, for petitioner.

OPINION BY MR. JUSTICE MITCHELL, February 3, 1896 :

By section 7 of the act establishing the Superior Court it is provided that that Court " shall have exclusive and final jurisdiction " in the classes of cases named.   In a subsequent clause of the same section it is provided that "nevertheless in any action or proceeding whatever above committed to the final and exclusive decision of the same Court, there may still be an appeal from its judgment to the Supreme Court " in certain cases, one class of which is where the appeal is " specially allowed by the Superior Court itself, or by any one justice of the Supreme Court."   The conditions under which the appeal may be allowed by the Superior Court itself are prescribed in section 10.   The authority of the Justices of the Supreme Court to allow special appeals is not limited, but it is apparent from the general scheme of the act that it is intended to be exceptional and based on considerations other than the mere desire or interest of the particular parties.   The most obvious of such considerations are the bearing of the question on public interests or rights, the importance of the decision as a precedent in frequently occurring litigation, diversity of opinions in other courts and consequent desirability of a final determination, and generally the preservation of uniformity in the application of legal principles.   Unless these or similar considerations suggest a review by this court, the final and conclusive character of the judgments of the Superior Court ought not to be questioned or in any way trenched upon.

The principles upon which the Supreme Court of the United State exercises an almost identical authority to order special certification of cases from the circuit courts of appeals are thus expressed in Am. Construction Co. v. R. W. Co., 148 U. S. 372, " it has been held to be a branch of its jurisdiction which should be exercised sparingly and with great caution, and only in cases of peculiar gravity and general importance, or in order to secure uniformity of decision."

Following these principles this court in considering applications for special allowance of appeals from the judgments of the Superior Court will look only to the character of the question involved, and the allowance or refusal of the appeal must not be taken as an indication of any opinion on the merits of the decision or the correctness of the application of legal principles in the particular case.

The case before us does not present any of the features necessary to justify special review. It depends entirely on the construction of the will of Charles W. Kraemer. As we have frequently said, such cases are usually of little weight as precedents, because different testators may use the same expressions under different circumstances and in different connection, with entirely different meaning. The present case is no exception to this general rule. It raises no question which is of importance to any but the parties immediately interested.

A special appeal is refused.