# Breinig *v.* Smith et al., Appellants.

*Res adjudicata—Decision of court of subordinate jurisdiction—Stare decisis—Suit to secure advisory judgment.*

1. Where a decision of the Superior Court has already been obtained upon a definite point, involving the construction of a will, and no manifest error appears therein, the Supreme Court does not feel called upon to, and will not, discuss at length a second amicable action, although between other parties, amicably brought to get the Supreme Court's opinion on the same matter, particularly where the appeal raises no new question nor any issue which is of importance to others than the parties immediately concerned.

*Will—Devise—Estate in fee simple—Estate tail—Act of April 27, 1855, P. L. 368—Devise not subject to debts of devisee—Spendthrift trust—Provision repugnant to fee—Rule in Shelley's Case.*

2. Testator devised to his son his real estate "to have and to hold the same......for and during the period of his natural life, the said life estate not to be subject to any debts, engagements or liabilities which he may contract in future or may have contracted in the past. Upon the decease of my said son the principal...... shall vest absolutely in the heirs of the body of my said son share and share alike for ever. And in case of the death of any one or more of said heirs of the body of my son, prior to said son's death, such one share or shares shall vest in their respective issue or heirs of their respective bodies." *Held,* (a) that the son took an estate tail, which, under the Act of April 27, 1855, P. L. 368, was converted into an estate in fee simple; (b) that the provision directing that the estate should not be subject to the son's debts, was repugnant to the fee, and had no controlling importance.

3. Where superadded words of limitation combined with those of distributive modification engrafted upon terms of inheritance, indicate no intent to change the course of descent from the general scheme fixed by the inheritance laws, such words indicate an intent to create an estate tail, which under the Pennsylvania act becomes a fee simple.

4. A devise of an absolute estate for life in real estate coupled with a provision that the estate shall not be subject to the devisee's debts, does not create a valid spendthrift trust, where no trustee is named to hold the life estate, and where the executor is not vested with any trust functions. Such a provision is repugnant to the fee.

Argued March 10, 1920. Appeal, No. 247, Jan. T., 1920, by defendants, from judgment of C. P. Northampton Co., Nov. T., 1919, No. 82, for plaintiff, on case stated, in suit of Joseph S. G. Breinig v. Daniel A. Smith and Julia L. Smith. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before Stewart, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case-stated. Defendant appealed.

*Error assigned* was entry of judgment for plaintiff.

*William H. Schneller,* with him *William H. Glace,* for appellants.—Joseph S. G. Breinig took only a life estate and not an estate in fee simple under the will: Cuthrie's App., 37 Pa. 1; Yarnall's App., 70 Pa. 335; Doebler's App., 64 Pa. 1; Grimes v. Shirk, 169 Pa. 74; Ackerman v. Ackerman, 34 Pa. Superior Ct. 162; Cox v. Sims, 125 Pa. 522; Kemp v. Reinhard, 228 Pa. 143.

The will created a spendthrift trust: Fisher v. Taylor, 2 Rawle 36; Xander v. Easton Trust Co., 217 Pa. 485; Winthrop Co. v. Clinton, 196 Pa. 472; Goe's Est., 146 Pa. 431; Hahn v. Hutchinson, 159 Pa. 133; Ehrisman v. Sener, 162 Pa. 577; Kaufman v. Burgert, 195 Pa. 274; Arnold v. Muhlenburg College, 227 Pa. 321.

The case is not res adjudicata: Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Macon v. Scandinavian Belting Co., 264 Pa. 384.

*Smith, Paff & Laub* and *Thomas D. Danner,* for appellee.—The judgment of the Superior Court in Breinig v. Oldt, 45 Pa. Superior Ct. 629, unappealed from, is binding on the Supreme Court as a rule of property in this appeal involving the marketability to a portion of

the same property devised to the same devisee by the same will: Kraemer v. Guarantee T. & S. Dep. Co., 173 Pa. 416; Buffington v. Summit Branch R. R., 74 Pa. 162; Devine's Est., 199 Pa. 250; Bolton v. Hey, 168 Pa. 418; Menges v. Dentler, 33 Pa. 495; Brenner v. Moyer, 98 Pa. 274; Bright v. Esterly, 199 Pa. 88.

Plaintiff took a fee: Hileman v. Bouslough, 13 Pa. 344; McGregor v. Davidson, 14 Pa. Superior Ct. 231; Seybert v. Hibbert, 5 Pa. Superior Ct. 537; Sheet's Est., 52 Pa. 257; Physick's App., 50 Pa. 128; Guthrie's App., 37 Pa. 1; Curtis v. Longstreth, 44 Pa. 297; Nice's App., 50 Pa. 143.

OPINION BY MR. JUSTICE MOSCHZISKER, April 19, 1920:

This is an appeal by defendants from a judgment for plaintiff on a case-stated, to test the title of the latter in certain real estate, passing to him under the will of his father, Simon Breinig, who died January 6, 1906.

In Breinig v. Oldt, 45 Pa. Superior Ct. 629, an elaborate opinion by President Judge SCOTT, of the Northampton Common Pleas, determining that Joseph S. G. Breinig takes a fee-simple in all of his father's real estate, is adopted per curiam; and the court below states counsel admitted at the trial of the present case that it was an attempt to reverse the prior decision.

The argument is made that Breinig v. Oldt is not res adjudicata of the point at issue, because different parties from those at bar were there involved; and it is contended that the decision, being by a tribunal of subordinate appellate jurisdiction, is not within the rule of stare decisis so far as this court is concerned. Both of these positions are technically correct (see State Hospital for Crim. Insane v. Consolidated Water Supply Co., 267 Pa. 29); but proceedings to secure advisory judgments are not favorites of the law in Pennsylvania. When a decision of the Superior Court has already been obtained upon a definite point, involving the construction of a will, and no manifest error appears therein,

we do not feel called upon to, and will not, discuss at length a second amicable action avowedly brought to get our opinion on the same matter, particularly where, as here, the appeal raises no new question nor any issue which is of importance to others than the parties immediately concerned: see Kraemer v. Guarantee Trust, etc., Co., 173 Pa. 416.

The will provides as follows: "I give and devise unto my son, Joseph G. Breinig, my real estate, wheresoever the same be situate......; to have and to hold the same......for and during the period of his natural life, the said life estate not to be subject to any debts, engagements or liabilities which he may contract in future or may have contracted in the past. Upon the decease of my said son Joseph G. Breinig the principal......shall vest absolutely in the heirs of the body of my said son share and share alike for ever. And in case of the death of any one or more of said heirs of the body of my son, prior to said son's death, such one share or shares shall vest in their respective issue or heirs of their respective bodies."

We agree with the court below that, under the above-quoted testamentary provision, the plaintiff in this case is vested with a fee-simple title. "It may be that the testator's particular intent was to give the first devisee not more than a life estate, but it is equally clear that his general intent was to constitute such devisee a source of inheritable succession; the latter, therefore, took a fee under the rule in Shelley's Case......The intent to make the life tenant a source of inheritable succession is clear, because the technical words used ['heirs of the body'] demonstrate that design, and there is nothing within the four corners of the will sufficient to rebut it......If in a devise the word 'heirs' [or the phrase 'heirs of the body'] has other words of inheritance engrafted upon it, unless the latter are inconsistent with the nature of the descent pointed out by the former, they

will not convert it into a word of purchase": Harrison v. Harris, 245 Pa. 397, 400, 401.

While in the present instance we find superadded words of limitation combined with those of distributive modification engrafted upon terms of inheritance, yet they indicate no intent to change the "course of descent from the general scheme fixed by our inheritance laws." That is to say, the words used by testator show nothing more nor less than an intent to create an estate tail general in the heirs of the body of his son, to the last generation; and, since the Act of April 27, 1855, P. L. 368, "words that would have created an estate in fee-tail now make a fee-simple": Stout v. Good, 245 Pa. 383, 387, 388.

The provision that the estate passing to the devisee shall not be subject to his debts has no controlling importance. In Hahn v. Hutchinson, 159 Pa. 133, we decided that a will, giving the devisee an absolute and uncontrolled ownership for life, of testator's entire estate, coupled with a provision that the income should not be liable for his debts, did not create a valid spendthrift trust, even where the devisee was specially named as trustee; whereas, in the case at bar, no trustee is named to hold the life estate, and the executor is not vested with any trust functions. In Kaufman v. Burgert, 195 Pa. 274, the testator having given his son a fee-simple estate in land, by words of inheritance, afterwards directed it should not be liable for his debts. We decided that the provision in question must be dismissed as repugnant to the fee; and this principle applies here.

The assignment of error is overruled and the judgment is affirmed.