Neva Minton *v.* McCreery & Company, Appellant.

Argued April 24, 1929.

Before TREXLER, KELLER, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Charles F. Patterson,* for appellant.—There should be evidence of the length of time the slipperyness existed: McLure v. New Castle Dry Goods Co., 93 Pa.

Superior Ct. 606; Markman v. Bell Stores Co., 285 Pa. 378.

*Thomas L. Kane,* for appellee.—Question of negligence is for jury: King et ux. v. Darling B. & M. Co., 284 Pa. 277, 284; Kapuscianski et al. v. Phila. & R. C. & I. Co., 289 Pa. 388, 392.

OPINION BY TREXLER, J., July 2, 1929:

This is an action in trespass. The defendant has a department store in the City of Pittsburgh. The public entrance is through a vestibule about ten feet in length having doors at the street line and thence from the vestibule through a revolving door into the store room. At the time the plaintiff entered, the door at the street entrance was open and the revolving door at the inner entrance had its wings folded lengthwise, leaving an open space for passage on each side. The plaintiff entered the vestibule about 12:30 P. M., through the open door and when about to enter the store room and a step or two away from the revolving door, slipped on a greasy substance on the floor and fell, sustaining the injuries for which compensation is sought. "There was grease on the floor, oil or something of the kind." It was a small stream, "came from the pole that the door revolved on," extended about two or three feet from the pole and about two inches wide.

The court charged, inter alia, "There is no evidence as to the length of time any grease or oil was there, remembering all the time that the defendant's contention is that there was none. The claim of the plaintiff is that it was there, and that the defendant knew or should have known that it was there." "Here the duty was reasonable cleaning up of this place, perhaps not even cleaning up, reasonable supervision. If you find it was there and came from such a source

*long enough* that reasonable supervision and care would have cleaned it up, then you have a right to pass on the question of negligence, and if you find that was negligent conduct in that particular, the plaintiff would have made out a case and would be entitled to recover." "The testimony did not carry to my mind just what the character of this composition was, and if ordinarily grease would not make it slippery, that is an element that you ought to consider in passing on the question of negligence. If this did become slippery on that account, it would be some evidence that it could be seen, and you would have a right to say whether the owner could have seen that there was a slippery place and *if it had been there long enough* that he ought to have discovered it, under the rule that I have given."

In his opinion refusing a new trial, the trial judge states: "There is no evidence here of the length of time, and there is no evidence that the pivot was ever oiled. We are of the opinion that the testimony warranted the conclusion that the grease or oil came from the pivot, that it had been poured by someone for lubrication, and that this was done by an employe. It follows that *it was there long enough* for the defendant through its agents and employes to have known it."

We can find no warrant for the court submitting to the jury the length of time the oil was on the floor, and to instruct them that they should ascertain whether "it had been there long enough to have discovered it." This was asking them to find something without having any testimony before them on the subject. It is true that the plaintiff stated that the oil was a small stream which "extended from the pole," but she later said that the oil was not in motion. She was evidently describing the space covered by the

oil and not the source. There was no proof that the swinging doors were such a contrivance as required oiling, nor, if they did, as to who oiled them and how long before the time when it is claimed plaintiff was injured they were oiled. There was no attempt at the trial to develop these facts by either party.

The judgment is reversed with a new venire.