MacDonald, Appellant, *v.* Gimbel Brothers, Inc.

Argued January 9, 1936. Before SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellant.

*Raymond A. White, Jr.,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 23, 1936:

This action was brought by plaintiff to recover damages for injuries which she claims were sustained when she fell on the floor of defendant's store. The trial judge entered a compulsory nonsuit, which the court in banc declined to remove. From this action plaintiff appeals.

On what she testified was a bright, clear, sunshiny afternoon in August, plaintiff was walking on the second floor of defendant's store. She had entered the establishment to make a purchase. The store, including the floor, was well lighted and she had a clear view along the aisle in which she was proceeding, with nothing to obstruct her vision. She said the carpet had been rolled up off the floor. When she had walked a short distance in the aisle, she slipped and fell. She ascribed the fall to the presence of oil on the hardwood floor, which she had not noticed before slipping, but detected when she got up, discovering then that her hands and clothing were "full of oil." She said there was "about two feet of oil scattered around that I could see."

As appellant entered the aisle she noticed three men standing talking together. They were four or five yards from her. One of them was a colored man with a mop.

There was nothing shown as to how the oil got on the floor, where it came from or how long it had been there. For anything that appears the oil might have been

dropped by some one not connected at all with the store. No evidence was produced that the man with the mop or the other two had anything to do with it. It was not shown even that any of them was employed in the store. Merely because one of the men had a mop in his hand does not justify the assumption that he was an employee engaged in cleaning the floor or had put the oil on it. For anything that appears in the testimony the three men may have been customers of or visitors to the store.

"It is not negligence to oil a floor or to have an oiled floor: *Diver v. Singer Mfg. Co.,* 205 Pa. 170"; *Spickernagle v. Woolworth,* 236 Pa. 496, 497.

There was nothing shown to justify a recovery and the entry of a nonsuit was proper: *Ziegler v. Western Union Telegraph Co.,* 319 Pa. 274; *McCann v. Gordon,* 315 Pa. 367; *Gorman v. Brahm's Sons,* 298 Pa. 142; *Bell v. Great Atlantic & Pacific Tea Co.,* 288 Pa. 160; *McLure v. New Castle Dry Goods Co.,* 93 Pa. Superior Ct. 606.

Complaint is made that the court abused its discretion by not permitting plaintiff to answer a question, propounded by her attorney when she was recalled by him for further examination on the second day of the trial, relating to the man with the mop and what she saw immediately after she fell. She had been fully interrogated in chief and on cross-examination the day before as to the circumstances of her fall and what happened afterwards. Her testimony had been completed, she had left the stand and other witnesses called in her behalf had followed her. Whether recalled the next morning she was to be permitted again to detail what had taken place was a matter within the court's discretion and it was not abused. No offer was made to show anything new.

The judgment of nonsuit is affirmed.