Gallagher, Appellant, *v.* Children's Aid Society of Pennsylvania and Philadelphia.

Argued November 25, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles J. Dewey,* with him *John J. Gallagher,* for appellant.

*Harold Scott Baile,* with him *Pepper, Bodine, Stokes & Schoch,* for appellee.

PER CURIAM, January 5, 1942:

In this action of trespass the plaintiff appeals from the refusal of the court below to take off a nonsuit. For present purposes, the facts are not in dispute; the only evidence received on the trial was that of the plaintiff.

Plaintiff was an employee of one of the tenants of an office building owned and operated by defendant. On February 19, 1940, at 8:50 A. M., the floor of the lobby of defendant's building was covered with water and slush which had been carried in on the feet of those who entered the building. At that time the plaintiff, in walking through the lobby of the defendant's building, slipped, fell, and sustained injuries. There had been snow followed by rain with the result that the sidewalks were covered with slush. Plaintiff knew of the weather conditions for she had traversed a number of blocks before entering the building. The floor of the lobby from the door to the elevator was covered by a corrugated rubber strip on which plaintiff was walking when she fell. An examination of the record will sustain the sum-

mary of the appellee that the evidence amounted to no more than a showing that the lobby presented a usual condition found when such weather conditions prevailed and that defendant had taken the customary precautions.

The case falls within the familiar rule that negligence cannot be inferred from the mere happening of an accident: *Hulmes v. Keel,* 335 Pa. 117, 119, 6 A. 2d 64.. The mere happening of an accident does not show that one party or the other was at fault: *McAvoy v. Kromer,* 277 Pa. 196, 120 A. 762. Plaintiff's proofs were also deficient in that she failed to show that the condition of which she complained had existed for an unreasonable length of time so that defendant was put on notice: *MacDonald v. Gimbel Bros., Inc.,* 321 Pa. 25, 183 A. 804; *Bremer v. W. W. Smith, Inc.,* 126 Pa. Superior Ct. 408, 411, 191 A. 395; Restatement—Torts, §343.

*Flora v. Great A. & P. Tea Co.,* 330 Pa. 166, 198 A. 663, on which plaintiff relies is clearly distinguishable in that there the defendant recognized a dangerous condition and attempted to correct the fault but did not properly do so.

Appellant also complains of the refusal of the trial judge to admit testimony of another witness that she slipped a short time later at a point approximately in the same location. Technically the action of the trial judge was proper, for the offer was not full enough to bring it within the rule stated in *Ringelheim v. Fidelity Trust Co.,* 330 Pa. 69, 70, 198 A. 628. But even if the evidence had been received, we would still be required to say that there was no proof of negligence. A later slip would not be evidence that would show notice of the condition when plaintiff slipped.

Judgment affirmed.