**CESTARIO et al. v. PENNSYLVANIA GREYHOUND LINES, Inc.**

No. 2097.

District Court, W. D. Pennsylvania.

May 7, 1943.

Evans, Evans & Spinelli, of Pittsburgh, Pa., for plaintiffs.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Mrs. Mary Cestario, a prospective passenger on the bus to Midland, while entering the lobby entrance to the defendant's station, slipped and fell on the terrazzo floor of the lobby, and the instant suit was instituted for the purpose of recovering compensation for the injuries resulting from the fall.

The lobby floor was level with and open to the sidewalk. It was covered to the line of the sidewalk by an upper floor of the building. The plaintiff alleged that she had noticed that the sidewalk was wet, but did not see that the lobby floor was in the same condition until she slipped and fell, when she discovered that it was quite wet. The lobby was a rhomboid in shape and plaintiff had entered on the longer of its sides, which was about fifteen feet long. She fell three or four feet from the street line. At the time an iron mesh rug was

on the floor in front of a door, but at the point of complainant's entrance no rug or abrasive substance was upon the floor.

The complainant had proceeded to the station from Swissvale in the automobile of her son-in-law, the trip taking up about thirty minutes. A violent rainfall occurred in Swissvale shortly before her departure, and some rain fell during the trip, and at the time of her arrival at the station it was "drizzling".

The negligence asserted by complainant was the failure of the defendant to put sand or rugs over the wet surface of the terrazzo floor. A contractor and builder testified that terrazzo floors present a hard, level surface which, "like any plain, level surface; it is more or less slippery" when wet. He further stated, in answer to a question as to "the customary method of protecting the public who walk over such smooth, wet entranceways", that "some people protect it by a scattered sand on the surface, others with rubber mats and others with metal mats". He did not testify that such practice was universal, and did state that the terrazzo construction for entranceways or floors is "a modern, up to date, approved method of construction", and in extensive use.

The complainant had knowledge of the nature of the lobby, having used it a number of times before.

The defendant asserts that the complainants' testimony, given its best face, shows that the woman complainant was negligent in failing to observe the condition of the lobby, and that it fails to disclose negligence on the part of the defendant.

■ The complainant, in undertaking to walk upon the station lobby, was using a floor and entrance which was of a material in very common use. She had, in the existing conditions, the same duty she had when upon the sidewalk, namely, the requirement of noticing any obvious danger confronting her. Bilger v. Great Atlantic & Pacific Tea Co., 316 Pa. 540, 175 A. 496. She had knowledge of heavy rains prior to her entrance, although not in the immediate locality, and it was drizzling when she entered. The lobby, although covered, was open to the street, and with people standing in it to avoid the rain, the fact that its surface was somewhat wet would seem to be apparent to the complainant; and if there was as much water upon it as she found when she fell, its presence must have been obvious had she looked. As a matter of fact, her first reply to her counsel's question of whether "anything was on the floor at the place she walked" was, "I didn't notice anything but the plain slippery and wet." Later she stated that she had looked but was unable to see the heavy deposit of water on the floor. That one has fallen upon a slippery floor does not entitle him to a verdict. The maintenance of a waxed floor, for example, has been held not to make the owner liable for a fall upon it. And in Copelan v. Stanley Company, 142 Pa.Super. 603, 17 A.2d 659, the defendant was held not liable for a fall upon an outside terrazzo step, which was not wet but slippery for another cause. See, also, Gallagher v. Children's Aid Society, 344 Pa. 152, 23 A.2d 452, where plaintiff slipped upon the lobby floor of defendant's building by reason of water and slush carried in by persons entering the building. The basis of this decision was the lack of either actual or constructive notice of the condition of the floor. The same reason may be urged here.

■ A witness called by plaintiffs testified in effect, that it was customary on the part of owners maintaining terrazzo floors open to the rain to cover them when wet with mats or sand. While such practice has never been noticed by the court, it must be accepted as true in the instant matter. Nevertheless the failure to follow such alleged custom does not in itself constitute negligence, even though the lack of notice to the defendant of the condition of the lobby be ignored.

■ In our judgment the maintenance of a terrazzo floor in a lobby, such as is shown in the instant case and which is open to the entry of rain under certain conditions, without mats or sand when wet does not constitute negligence; and it is the duty of one entering upon such a lobby to observe and care for conditions following the entry of rain upon it. See Walberg v. Rocolene Refining Co., 340 Pa. 200, 16 A.2d 390.

The motion of defendant for judgment n.o.v. will be allowed, and its motion for a new trial denied.