Reay, Adr. *v.* Montgomery-Ward & Company, Inc.,
Appellant.

Argued October 27, 1943.   Before KELLER, P. J.,
BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY,
JJ.   (RENO, J. absent).

*John J. Pentz,* with him *Ross H. Pentz,* for appellant.

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey* and
*Arnold & Chaplin,* for appellee.

OPINION BY HIRT, J., January 27, 1944:
Annette Reay, a customer in defendant's store fell

to the floor of the aisle and sprained her ankle. By the verdict in favor of plaintiff it is established that she slipped on an oily or greasy substance and that her fall aggravated an existing malady which caused her death. The evidence as a whole together with all inferences favorable to plaintiff does not charge defendant with negligence. For this reason there is error in the refusal of the court to enter judgment for defendant n.o.v.

Decedent was accompanied by her daughter who was the only witness to the accident. The daughter testified that the floor of the aisle was uniformly dark in color; that on it, unobserved by either of them before the accident, there was a spot of oil or grease one-eighth of an inch thick and one foot in diameter which caused her mother to lose her footing when she stepped upon it.

No inference favorable to plaintiff flows from the fact that there was a greasy substance on the floor or that the injury was caused by it. *Dickey v. Boggs & Buhl Inc., et al.,* 345 Pa. 453, 29 A. 2d 1. The mere happening of an accident does not charge a defendant with liability; res ipsa loquitur has no application. It was for plaintiff to prove some specific default or, at least, existing conditions which raised an inference of negligence as an indispensable basis of recovery. *Chapman v. Clothier,* 274 Pa. 394, 118 A. 356. Defendant was not an insurer of the safety of its patrons and the dangerous condition of the floor in itself did not charge it with negligence. There is nothing in the evidence indicating the source of the greasy substance or that defendant was in any way responsible for its presence. Defendant did not have actual knowledge of the oil or grease in the aisle and there is no evidence that it was there for any period of time prior to the accident. Defendant therefore is not chargeable

with constructive notice of its existence, imposing liability for negligence in failing to remove it. In the absence of testimony that the slippery substance had been on the floor long enough for the defendant, through its representatives or employees, to have known of it, proof of negligence is lacking and there can be no recovery. *MacDonald v. Gimbel Brothers Inc.*, 321 Pa. 25, 183 A. 804; *Gallagher v. Children's Aid Soc.*, 344 Pa. 152, 23 A. 2d 452; Restatement, Torts, §343; *Minton v. McCreery & Co.*, 96 Pa. Superior Ct. 431; *Bremer v. W. W. Smith Inc.*, 126 Pa. Superior Ct. 408, 191 A. 395.

Judgment reversed and directed to be entered for defendant n. o. v.