Kmiotek *v.* Anast et al., Appellants.

Argued October 3, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel G. Wagner,* with him *Wagner & Wagner, Frank R. Sack* and *George P. Slesinger,* for appellants.

*John E. Evans, Jr.,* with him *C. Harold Skodol* and *Evans, Evans & Spinelli,* for appellee.

PER CURIAM, November 29, 1946:

While a patron in defendants' moving picture theatre in Glassport, Allegheny County, on April 10, 1940, plaintiff fell down a flight of stairs and was severely injured. He brought this suit for damages and a verdict was rendered in his favor. Defendants, who are copartners trading as "Star Theatre Enterprise", moved for judgment n.o.v. and a new trial, and when these motions were refused, and judgment entered on the verdict, they appealed.

The general rule, as stated in *Robb v. Niles-Bement-Pond Co.,* 269 Pa. 298, 300, 112 A. 459, is that the owner or occupant of premises who induces others to come onto it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger. But the owner cannot be held liable unless there is proof that the invitee was injured through his negligence.

This case has been tried twice with the same result. It was here after the first trial, at 350 Pa. 593, because the court below had refused similar motions, and we ordered a new trial because of an erroneous instruction to the jury. We refused the motion for judgment n. o. v. because the evidence was such as to make defendants' alleged negligence and plaintiff's alleged contributory negligence questions for the jury.

Our examination of the testimony in the instant case, which is substantially the same as that given in the first trial, has led us to the same conclusion. While some parts of plaintiff's testimony are contradictory there is no difficulty in determining the facts of the accident. Counsel for defendants was persistent in his cross-examination of plaintiff, examining him at great length and asking the same question over and over again. This had the effect of confusing plaintiff who had difficulty with our language. There was plenty of testimony to support the verdict. The case is undoubtedly one for the determination by a jury, whose duty it is, where possible, to resolve all conflicts in the testimony. The words of Mr. Justice LINN in our opinion in the former appeal are applicable here. He said (p. 596) : "If, in the circumstances, the lighting was not reasonably adequate, or if the usher should have warned plaintiff of the condition of the top step of the stairway when he pointed to the door, or should have lighted him to that point, a jury would be justified in finding that defendants had failed in their duty. Considering the oral evidence with the photographs, we conclude that there was evidence from which the jury might find defendant's negligence and that plaintiff's contributory negligence did not so clearly appear as to justify a directed verdict for defendants."

Appellant complains of the admission of the evidence of a witness, Skodol, who first saw the premises on June 18th, two and one-half months after the accident. When this evidence was received, the record already contained the evidence of the plaintiff as to the conditions observed on the evening of the accident; he was also present on the evening of June 18th with Skodol and with a photographer named Williams. After the plaintiff testified to the conditions, Williams, the photographer, testified to them and identified three photographs of the conditions as they were on June 18th. These photographs were admitted without objection and were freely used in the

course of the trial. Skodol's evidence was to the same effect as the evidence of the plaintiff and of the photographer Williams. Even if erroneous, the error was harmless. In his opinion refusing the motion for a new trial, Judge McNAUGHER said: "The defendants' objection to the plaintiff's offer with respect to such testimony was overruled and we think properly inasmuch as photographs of the premises taken subsequent to the accident were admitted in evidence without objection and, before the plaintiff's photographs were produced, the defendants had offered in evidence a group of pictures of their own, some of which were taken as much as three years after the accident."

Judgment affirmed.