**LEEDS et ux. v. SUN–RAY DRUG CO.**

No. 9769.

United States Court of Appeals
Third Circuit.

Argued Jan. 20, 1949.

Filed Feb. 2, 1949.

Rehearing Denied Feb. 23, 1949.

Herman Moskowitz, of Philadelphia, Pa., for appellants.

Ward C. Henry and Swartz, Campbell & Henry, all of Philadelphia, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action brought by husband and wife as plaintiffs to recover for injuries sustained by the wife in an accident which occurred while she was a business visitor on the defendant's premises. Mrs. Leeds entered one of the defendant's drug stores in Philadelphia accompanied by a woman friend. They started down the stairs from the first floor to the basement, the stairway and basement being a part of the premises open for the conduct of the defendant's business. As Mrs. Leeds descended the stairs with her hand on the railing she slipped and fell and suffered the injuries for which recovery is now sought.

In the District Court the plaintiffs had a verdict. But this verdict was set aside by the Trial Judge and judgment was entered for the defendant. From this judgment the plaintiffs appeal. The sole question before us is whether the case presented by the plaintiffs at the trial was sufficient to support the verdict in their favor.

Federal jurisdiction is based on diversity only and the law of Pennsylvania controls. The underlying legal principle is not open to dispute. Mrs. Leeds was a business visitor and the defendant's responsibility was for that exercise of reasonable care owed by the proprietor of premises to a business visitor. Restatement, Torts § 343 (1934); Pa. Annot. § 343 (1938). There is no suggestion of contributory negligence on the part of the plaintiffs. Was the evidence sufficient for a jury to find that the defendant had not fulfilled its duty of reasonable care to its customer?

What evidence there is may be summarized in a few sentences. When Mrs. Leeds was assisted to her feet after her fall her clothing was pretty well covered, on one side with some sort of greasy substance. It extended from head to foot. This description is given by the plaintiff herself and other witnesses. The greasy substance was not on her clothes when she came into the store. This evidence tends to show, we think, that there was a considerable amount of grease on the stairs. The presence of the grease on the stairs plus

the fact that Mrs. Leeds fell are enough, we think, to permit the conclusion that there was a dangerous amount of grease on the stairs and that Mrs. Leeds slipped on it.[1] The conclusion is strengthened by the testimony of Mrs. Leeds that, as she sat recovering from her fall, she saw two employees clean up the steps with rags under the circumstances described below.

Is there evidence to show that the defendant knew or should have known of the dangerous condition of the steps? The evidence on this is meager. But there is testimony to the effect that someone in a supervisory capacity in the defendant's shop sent two employees, immediately after the accident, to wipe up the steps with burlap or other rags and that he was heard to say that "It should have been attended to long ago."

That is all there is that bears on the question of defendant's negligence. We think it is enough to let the plaintiffs keep the jury's verdict they won. The evidence, taken most favorably to the plaintiffs as it must be after a verdict in their favor, tends to establish the dangerous condition of the premises and knowledge thereof by the defendant through its supervisory employee.[2] Case authority is not very enlightening in this type of situation for fact situations vary from case to case. But the Pennsylvania cases dealing with the duty of the proprietor of business premises are quite clear, although we have not found one presenting precisely the same set of facts as the one before us here.[3]

The judgment will be reversed and the case remanded with instructions to enter judgment for the plaintiffs on the verdict.

[1] In MacDonald v. F. & W. Grand, Inc., 1926, 89 Pa.Super. 526, the presence of loose oil on the floor as the cause of the plaintiff's fall was proved in part by the fact that her clothing was covered with oil after the fall. See Dimarco v. Cupp Grocery Co., 1926, 88 Pa.Super. 449, 450. Cf. Reay v. Montgomery-Ward & Co., 1944, 154 Pa.Super. 119, 35 A.2d 558.

[2] The presence of a slippery substance on the floor or steps is not enough to support an inference that the proprietor was negligent. Reay v. Montgomery Ward & Co., 1944, 154 Pa.Super. 119, 35 A.2d 558. But if he knew or should have known of the presence of the slippery substance, he had a duty to remove it in order to make the premises reasonably safe for his business visitors. Vetter v. Great Atlantic & Pacific Tea Co., 322 Pa. 449, 185 A. 113 (1936); Markman v. Bell Stores Co., 285 Pa. 378, 132 A. 178 (1926); Restatement, Torts § 343 (1934).

[3] Verdicts in favor of plaintiffs have been sustained in a number of Pennsylvania cases in which the proprietor's knowledge of the dangerous condition could be inferred only indirectly from the circumstances. In Vetter v. Great Atlantic & Pacific Tea Co., 1936, 322 Pa. 449, 185 A. 113, the defendant was held chargeable with knowledge of the presence of decayed fruit and vegetables on his cellar stairway because his employees used the stairway in carrying stock upstairs, and because there was no evidence that other persons had been using the stairway. In Markman v. Fred P. Bell Stores Co., 1926, 285 Pa. 378, 132 A. 178, 43 A.L.R. 862, the presence of vegetable refuse on the stairs at the entrance of a grocery store plus testimony that the proprietor had been notified of similar accumulations at other times supported the inference that he was negligent in failing to keep the stairway clean. See also Weir v. Bond Clothes, Inc., 1938, 131 Pa.Super. 54, 198 A. 896; Robb v. Niles-Bement-Pond Co., 1921, 269 Pa. 298, 112 A. 459; Restatement, Torts, Pa. Annot. § 343 (1938); Note, 162 A.L.R. 949 (1946). Cf. Bowser v. J. C. Penney Co., 1946, 354 Pa. 1, 46 A.2d 324.