## Stais *v.* Sears-Roebuck and Company, Appellant.

Argued October 14, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

500

*F. Brewster Wickersham*, with him *Lewis S. Kunkel, Edward E. Knause, III* and *Metzger & Wickersham*, for appellant.

*Macey E. Klein*, with him *Irwin Benjamin* and *Hurwitz, Klein, Meyers & Benjamin*, for appellees.

OPINION BY WRIGHT, J., January 19, 1954:

John and Mary Stais, husband and wife, brought an action in trespass to recover damages resulting from personal injuries sustained by the wife in a fall down a flight of stairs in the Harrisburg Store of Sears, Roebuck and Company. Verdicts were rendered in favor of plaintiffs. Defendant filed motions for new trial and for judgment n.o.v. The lower court refused these motions, and this appeal followed. We are required to consider the testimony in the light most advantageous to appellees, and to resolve in their favor all doubts and conflicts therein: *Miller v. Pennsylvania R. R.*, 368 Pa. 507, 84 A. 2d 200.

Mary Stais testified that she was shopping in appellant's store at about 11 o'clock a.m., on September 7, 1947. Her business there involved a visit to the basement salesroom to obtain a replacement for a broken washing machine part. The stairs to the basement consisted of two flights of steps. The first flight descended to a large landing, and the second flight descended from the landing to the basement floor. The stairs were approximately 5 feet in width, covered with a composition floor covering. At the forward edge of each step and the landing there was a metal strip or nosing 1½ inches wide which was fastened down with screws. A railing ran along each side of

the steps and around the landing. Plaintiffs concede that the steps were well lighted.

According to Mrs. Stais, the fall occurred in this manner. She was wearing low flare-heeled shoes. In her left hand she was carrying the broken washing machine part. The child was holding on to two fingers of her mother's left hand. Mrs. Stais was holding to the railing with her right hand. After proceeding down the first flight of steps, she made a right turn on the landing, taking her hand from the railing of the first flight and putting it on the railing of the second flight, preparatory to descending further. She looked down and saw no indication that the metal strip on the edge of the landing was not securely fastened. It appeared "safe, flat and flush down". She started to step forward with her right foot, whereupon the heel of her right shoe caught and momentarily hung in the metal strip on the edge of the landing. As a result, the heel tab of her right shoe was torn off, she lost her grip on the railing, her left fingers were torn loose from her daughter's hand, and she fell from the landing to the second or third step above the basement floor. Two unknown men, later identified as store employes, came to her assistance and started to help her up the stairway. However, because of pain, she sat down on the third step below the landing with her back to the railing. She looked for her daughter and saw her crying on the landing. While seated with her eyes about level with the floor of the landing, she observed that for one and one-half to two feet of the width thereof, starting at the right hand railing, the metal strip on the edge of the landing "was sticking up, you could see holes where it was loose from the floor". The holes referred to were for screws which were missing.

On behalf of the defendant there was testimony that the stairs were inspected daily, including the morning

of the accident; also that an inspection was made immediately after the accident and the metal nosings were found to be flat and flush. It was further testified that the metal nosing was installed in 1945, and that the stairs were used by three to four thousand persons each business day. President Judge SMITH thoroughly explained the issues to the jury in an excellent charge, concerning which no complaint is made. The motion for new trial is not being pressed. Appellant's sole contention is that there was no evidence upon which the jury could base its finding of negligence.

While a store owner is not an insurer, he owes his customers a duty to exercise reasonable care for their safety: *Hartman v. Miller*, 143 Pa. Superior Ct. 143, 17 A. 2d 652. A possessor of land is subject to liability for bodily harm caused to business visitors by conditions thereon only if he knows, or by the exercise of reasonable care could discover, a condition which he should realize as involving an unreasonable risk to them: Restatement, Torts, section 343. Negligence cannot be inferred from the mere happening of an accident: *Gallagher v. Children's Aid Society*, 344 Pa. 152, 23 A. 2d 452. In the absence of proof of actual knowledge by defendant, the burden is on plaintiff to show that the defect had existed for a sufficient time to charge defendant with notice: *Angelelli v. A. J. Mansmann Co.*, 168 Pa. Superior Ct. 275, 77 A. 2d 678. The applicable principles have been helpfully restated by Mr. Justice BELL in *Lanni v. Pennsylvania R. R. Co.*, 371 Pa. 106, 88 A. 2d 887.

What will amount to constructive notice of a defect or dangerous condition existing upon a defendant's premises necessarily varies under the conditions of each case. Among the factors affecting the question are the number of persons using the premises, the

frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it: *Bremer v. W. W. Smith*, 126 Pa. Superior Ct. 408, 191 A. 395. It is not always necessary for plaintiff to produce positive testimony as to how long the defect existed. In *Oberheim v. Pennsylvania Sports and Enterprises, Inc.*, 358 Pa. 62, 55 A. 2d 766, Mr. Justice JONES points out that direct proof of defendant's knowledge is not essential to the imposition of liability where the condition was a likely and foreseeable result of the manner in which the premises were being maintained and used.

The case at bar differs from those in which the plaintiff fails to establish an alleged foreign substance actually was present: *Pierce v. D. L. and W. R. R. Co.*, 358 Pa. 403, 57 A. 2d 876, or that the condition complained of actually was a defect: *Copelan v. Stanley Co.*, 142 Pa. Superior Ct. 603, 17 A. 2d 659. The factual situation under consideration is comparable rather to that in cases wherein the nature and location of the defect, considering all of the circumstances especially including the number of persons using the premises, justifies a finding by the jury that it had existed for a sufficient length of time to amount to constructive notice: *Coxey v. Guala*, 112 Pa. Superior Ct. 460, 171 A. 484. In that case, while descending steps leading to defendant's basement restaurant, plaintiff's foot slipped on a loose rubber step pad. Speaking through Judge JAMES we said, "If the pad was loose as described by the plaintiff, the jury might have inferred that it had existed a sufficient length of time to have charged defendant with constructive knowledge".

The Pennsylvania cases relied upon by appellant can be readily distinguished. *Lanni v. Pennsylvania R. R. Co.*, supra, involved the presence of a foreign sub-

stance. In *Copelan v. Stanley Co.*, supra, plaintiff slipped on the smooth surface of a step constructed of reasonably suitable material and properly maintained. *Hixenbaugh v. McCrory Co.*, 145 Pa. Superior Ct. 586, 20 A. 2d 910, involved an exit which was not unusual or dangerous in its construction. Liability is properly imposed where, as in the present case, the defect is one which should have been anticipated and could have been discovered upon reasonable inspection: *Paulscak v. Hoebler*, 330 Pa. 184, 198 A. 646; *Kimble v. Mackintosh Hemphill Co.*, 359 Pa. 461, 59 A. 2d 68.

Judgment affirmed.