## Stais *v.* Sears-Roebuck and Company, Appellant.

Argued May 24, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Robert B. Wolf,* with him *F. Brewster Wickersham, Lewis S. Kunkel, Metzger & Wickersham* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Macey E. Klein,* with him *Irwin Benjamin* and *Hurwitz, Klein, Myers & Benjamin,* for appellees.

OPINION PER CURIAM, June 28, 1954:

These appeals, here by special allowance, are from an order of the Superior Court affirming respective judgments for the husband and wife plaintiffs for damages occasioned each as a result of personal injuries suffered by the wife in a fall down a flight of stairs negligently maintained by the defendant company in one of its stores. Nothing more is involved than the private interests of the immediate parties to the litigation; and the relevant rule of law, which the Superior Court correctly applied in its unanimous opinion (see 174 Pa. Superior Ct. 498), is extremely simple and not open to question. The case is not, therefore, one of general importance or necessary to secure uniformity of decision: see *Taylor v. Philadelphia Rapid Transit Company,* 245 Pa. 189, 196, 91 A. 631; also *Kraemer v. Guarantee Trust & Safe Deposit Co.,* 173 Pa. 416, 418, 33 A. 1047. Accordingly, the decision of the Superior Court appropriately ended the matter.

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE BELL:

No facts are stated in the majority opinion to prove negligence, notice, or liability of any kind; there is merely an assertion that the wife-plaintiff fell down a flight of stairs "negligently maintained" by defendant. Whenever a majority opinion fails to state the facts it is, I believe, because a recital would show the weakness or untenability of their position. The plaintiff in the instant case failed to prove any negligence whatever; she failed to prove any notice, actual or constructive, of any defective metal stripping prior to the accident, even if it could be assumed that her heel did not pull the stripping loose.

Considering the testimony in the light most favorable to the plaintiff, these are the facts. Plaintiff on September 7, 1947 fell down a flight of stairs leading from the first floor to the basement in a store of Sears-Roebuck & Company in Harrisburg, and suffered personal injuries. The steps were well lighted, were without shadow, were covered with a composite floor covering, and the nosing of each step and the edge of the landing were covered by a metal stripping 1½ inches wide, which was fastened down with screws. Plaintiff testified that when she looked down at the metal strip nosing it appeared safe, flat and flush-down. When she stepped on it she caught her heel and fell down the steps. Her heel was pulled from her shoe. While lying at the foot of the steps she observed that the metal strip was sticking up ½ to 1½ inches and she could see empty screw holes. *That was the only evidence of negligence or notice proved by plaintiff.* It is obvious that plaintiff's heel could have wrenched the stripping loose, and equally obvious that it could have become loose from some other cause one minute, ten minutes, or any other conjectural time prior to the accident.

The defendant inspected the steps that morning and found the metal nosings were flat and safe. There was no evidence whatever on plaintiff's behalf showing the condition of the nosing before or after her fall; no evidence that it was worn or slippery or dilapidated or decayed, or that the nosing had become loose five minutes or any other time before the accident; and no evidence that its defective condition—assuming it was defective—could have been observed by a reasonable inspection.

Under these facts it is impossible to allow a recovery unless a myriad decisions of this Court on the subject of negligence are ignored, overruled or abandoned and the doctrine of res ipsa loquitur be substituted.

The mere happening of an accident does not prove negligence or create any liability. A store owner is not an insurer; he is liable only for defects of which he has actual or constructive notice, i.e., which could have been discovered by a reasonable inspection: *Parker v. McCrory Stores*, 376 Pa. 122, 101 A. 2d 377; *Sheridan v. Horn & Hardart*, 366 Pa. 485, 77 A. 2d 362. See also *Lanni v. P. R. R.*, 371 Pa. 106, 88 A. 2d 887; *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910; *Lentz v. Allentown Bobbin Works*, 291 Pa. 526, 140 A. 541.

In *Parker v. McCrory Stores*, 376 Pa., supra, we affirmed a nonsuit where a plaintiff slipped in a little pool of water in the wet aisle of a store which (pool) had been first noticed five minutes before the accident. We held that a storekeeper is not an insurer; and that to hold him to such a standard "is not only unreasonable and unsupported by any authority, but is so absurd that it would bankrupt every large store owner in Pennsylvania." Yet that is not only the effect of the present majority opinion, but is the test which they intentionally or unintentionally adopt.

In *Lanni v. P. R. R.*, 371 Pa., supra, we entered a judgment n.o.v. where plaintiff proved she slipped on a large grease spot which was covered with dust or dirt so that she did not notice any danger. There was no evidence on plaintiff's behalf how long the grease spot had been there prior to the accident, but the fact that it was covered with dust and dirt would indicate that it had been there a considerable length of time. Nevertheless, we held that the evidence was not sufficient to enable the jury to reasonably and legitimately infer (constructive) notice. We also held that the defendant owed to plaintiff, a business visitor, only the duty of reasonable care in the circumstances, viz., to correct any unsafe condition which was discoverable by the exercise of reasonable care and diligence, citing with approval Restatement of the Law of Torts, and numerous cases of our Court.

In *Miller v. Hickey*, 368 Pa., supra, we denied recovery to a plaintiff when the handrail on the fire escape which he was descending broke and fell. It was shown after the accident that the rail was very corroded and that the dangerous defective condition must have existed for a very long time, but there was no evidence of actual notice or any evidence that a reasonable inspection could have disclosed the defective condition.

The majority opinion approves *Lanni v. P. R. R.*, 371 Pa., supra, which was relied on by the Superior Court, but has misapplied the law to the facts of this case. The majority, to paraphrase Shakespeare's Macbeth, keep the word of promise to our ear but break it to our hope and understanding.

If the majority wish to do away with the principles of negligence and ignore or make meaningless a myriad decisions of this Court and substitute therefor the doctrine of res ipsa loquitur, it would be far better to frankly and openly say so instead of choosing the

"erosion" method which I shall continue, though apparently unsuccessfully, to oppose.

I would reverse and here enter judgment for the defendant non obstante veredicto.