## Poskin, Appellant, *v.* Pennsylvania Railroad Company.

Argued November 8, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Louis Vaira,* with him *Anthony A. Barrante,* for appellants.

*Bruce R. Martin,* with him *Dalzell, Pringle, Bredin & Martin,* for appellee.

OPINION BY HIRT, J., January 14, 1955:

This action was brought by husband and wife for damages resulting from injuries to the wife. No complaint was filed until more than six months later and in the meantime the husband had died. The case did not come on for trial until almost ten years after the accident. The jury found for the wife, Emily Poskin (to whom we will refer as the plaintiff) in the sum of $2,250 and in favor of the estate of her husband in an amount covering the medical expense. These are appeals from the judgments entered for the defendant n.o.v.

The plaintiff in company with her daughter and three young children alighted from a passenger train

at the Fourth Avenue Station of the defendant railroad in Pittsburgh at about 9 o'clock in the morning of November 20, 1943. The station platform is paved with brick. Plaintiff walked hand in hand with two of her grandchildren in the direction of the exit to the street. On the way she noticed that one of the bricks in front of her was somewhat lower than the others and she tried to avoid stepping upon it but could not because of the children. Her testimony in detail as to how the accident happened is not entirely consistent but she charged the defendant with negligence because of a loose brick in the station platform which caused her to fall when she stepped upon it. The version of the occurrence most favorable to her, appears thus in her testimony: "Well, there was several bricks loose, but this one was down more on the corner, oh, I'd say maybe half an inch more or so, because when I stepped on there it was loose and it kind of balanced, you see, and it throwed me." She fell on her face to the pavement and was injured. The defendant's local superintendent inspected the brick after the occurrence and although he testified that it was not loose, he, by actual measurement found one end of the brick exactly ½ inch below the grade of the surface of the pavement. The controlling question therefore raised by the plaintiff's testimony in its most favorable aspects, is whether the loose brick which caused her fall charges the defendant with actionable negligence under the circumstances.

A depression of but one-half inch in a brick pavement in itself is too trivial for serious consideration. Cf. *German v. McKeesport City*, 137 Pa. Superior Ct. 41, 48, 8 A. 2d 437 where we held that "a variation— 1½ inches—between the adjoining ends of flagstones in a street crossing is not evidence of negligence imposing liability for injuries to a pedestrian who fell

at that point." And at page 50, note the comment of
KELLER, then President Judge, as to risks, ever pres-
ent on city streets, which a pedestrian must assume.
In *Morris v. Philadelphia*, 195 Pa. 372, 45 A. 1068,
where the controlling question was the negligence of
the city, it was held that the fact that a brick in a
slight depression in a sidewalk which had become
loosened to some extent without getting out of posi-
tion, was not enough to establish liability for damages
for personal injuries to a woman who fell in stepping
upon the brick when it turned under her foot causing
her to lose her balance. The mere fact that a pedes-
trian is injured by a loose brick under foot in a side-
walk is not of itself sufficient to charge a municipality
with negligence. To establish liability there must be
proof that the city had prior notice, either actual or
constructive, of the defect. *Emery v. Pittsburgh*, 275
Pa. 551, 119 A. 603. It was the duty of the defendant
railroad not only to transport the plaintiff passenger
safely but to provide reasonably safe means of egress
from its trains to the sidewalk of the street above.
While a higher degree of care is required of a carrier
of passengers for hire, in the maintenance of its sta-
tion platforms, than a city must observe as to its side-
walks, the burden nevertheless was on the present
plaintiff to prove that the railroad had, at least, con-
structive notice of the loose brick in the bed of its
station platform. *Mack v. Pittsburgh Railways Co.*,
247 Pa. 598, 93 A. 618.

What will amount to constructive notice of a de-
fective or dangerous condition necessarily varies with
the circumstances of each case. There are cases in
which the attending facts in themselves may charge
a defendant with constructive notice of a defect in a
pavement "where the condition was a likely and fore-
seeable result of the manner in which the premises were

being maintained and used": *Stais v. Sears-Roebuck and Co.,* 174 Pa. Superior Ct. 498, 503, 102 A. 2d 204. This case is not within that class. Here the mere happening of the accident was not evidence that defendant had notice of the defect in the pavement which caused it, and therefore is not evidence of negligence. The defendant was not an insurer and its duty arose no higher than to correct any unsafe condition which was discernable by the exercise of reasonable care and diligence, *Lanni v. Pa. R. R. Co.,* 371 Pa. 106, 110, 88 A. 2d 887. There is evidence that the platform was inspected daily by the defendant. Plaintiff in any view had the burden of proving not only the existence of the defect or unsafe condition but also that the railroad had notice of it. Cf. *Gallagher v. Children's Aid Soc.,* 344 Pa. 152, 23 A. 2d 452. There is no evidence in this record as to how long the brick had been in the pavement in its loosened condition. It might even have been loosened by the plaintiff when she stepped upon it, and on the authority of the *Lanni* case the railroad cannot be charged with notice of the defect, in the absence of proof, under the circumstances.

Judgments affirmed.