Eric MUNZENMAYER and Kathryn
Munzenmayer, His Wife,

v.

LIT BROTHERS, Inc., City Stores Com-
pany, Lit Brothers Division of City
Stores Company, Appellants.

No. 12210.

United States Court of Appeals
Third Circuit.

Argued Oct. 10, 1957.

Decided Oct. 29, 1957.

E. Walter Helm, 3d, Philadelphia, Pa.
(Raymond A. White, Jr., Philadelphia,
Pa., on the brief), for appellants.

W. R. Lorry, Philadelphia, Pa. (Abra-
ham E. Freedman, Freedman, Landy &
Lorry, Philadelphia, Pa., on the brief),
for appellees.

Before BIGGS, Chief Judge, and
MARIS and McLAUGHLIN, Circuit
Judges.

PER CURIAM.

The plaintiff-appellee, Kathryn Mun-
zenmayer, was injured when she fell from
a step in the outer vestibule of the de-
fendant's store in Philadelphia, sustain-
ing injuries. The plaintiff-appellee, Eric
Munzenmayer, incurred medical expenses
by reason of her injuries and suffered
loss of consortium and his wife's services.
The case was tried by a jury which ren-
dered verdicts in favor of the plaintiffs.
A motion for judgment n.o.v. was made
by the defendant-appellant. This was
denied and the appeal followed.

Two points are raised by the
defendant. It asserts that it was not
negligent and that the plaintiff, Kathryn
Munzenmayer, was guilty of contributory
negligence. Jurisdiction is based on
diversity and the law of Pennsylvania
governs. There was evidence that the
outer vestibule of the defendant's store
was not adequately lighted and that this
hazard was increased by a litter of paper
on the floor. Such conditions, if they
were found to exist by the jury, would
constitute a basis for a finding of action-
able negligence against the defendant.
Gripp v. Lit Brothers, 1956, 181 Pa.
Super. 444, 124 A.2d 378; Smith v. Penn
Fruit Co., D.C.1955, 134 F.Supp. 895,
897. The evidence showing Kathryn
Munzenmayer guilty of contributory neg-
ligence was slight indeed. Under the
circumstances this issue also was for the

 

jury. Dively v. Penn-Pittsburgh Corp., 1938, 332 Pa. 65, 69–70, 2 A.2d 831, 833.

We find no error in the proceedings below. The judgment will be affirmed.