**Georgia SADDLER, Appellant,**

v.

**BETHEL MARKETS, INC.**

**No. 12792.**

United States Court of Appeals
Third Circuit.

Argued March 17, 1959.

Decided June 15, 1959.

**806**

Morris M. Shuster, Philadelphia, Pa. (Abraham E. Freedman, Charles Sovel, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

J. Webster Jones, Philadelphia, Pa., for appellee.

Before McLAUGHLIN and HASTIE, Circuit Judges, and MORRILL, District Judge.

HASTIE, Circuit Judge.

The plaintiff in a negligent injury case is appealing from a judgment entered by the trial court for the defendant notwithstanding a $6000 jury verdict for the plaintiff. The question is whether the evidence was such as to justify the jury's conclusion that the defendant was negligent.

■ This is a diversity case based upon an alleged tort in Pennsylvania. The parties and the court below have properly recognized that the tort law of Pennsylvania is controlling.

The plaintiff, an elderly woman, fell and broke her ankle while walking at night across the defendant's parking lot on which her car was parked. There was evidence that plaintiff stepped into a hole. It is not disputed that she was a business visitor.

Plaintiff's theory of liability is that the defendant, which admittedly did not know of the hole, had been negligent either in not discovering and filling it or, alternatively, in not providing adequate lighting for the parking lot. In charging the jury the trial judge directed attention to both theories of negligence. However, his opinion granting the motion for judgment notwithstanding the verdict discusses only the first theory. Whether the court was right in concluding that there was no evidentiary basis for charging the defendant with negligence in not discovering the hole we need not decide. For we think the verdict was entitled to stand on the evidence concerning illumination.

The surface of the parking lot was raw unimproved ground. Its area was about 100 feet by 74 feet. It was partially enclosed on three sides by the inner perimeter of defendant's "U" shaped building. The undisputed evidence was that the only artificial illumination provided by the defendant for the parking lot was a cluster of three lights mounted on one corner of the adjacent building. Only one of these lights faced the area of the parking lot in which the accident occurred.

■ It was about 8:30 p. m. when plaintiff attempted to walk across the lot to her car. She testified that she was looking where she walked. However, she did not see what was afterwards described as a hole some two or three feet long, a foot wide and some ten inches deep. She described the area in question as "dim". At another point in her testimony she said it was "kind of shadowy * * * neither light nor

dark, but it looked perfectly safe to walk on * * *". Another witness said "it was slightly shaded * * * I can't say that it was not dark and I can't say that it was—it was not midnight there". It was for the jury to consider whether this dimness, the in between condition described by the witness as being neither light nor dark, constituted inadequate illumination for the nighttime use of raw unimproved ground as a much traversed parking lot. In judging the amount of light needed the jury may also have considered evidence indicating that users walked in relatively confined and shadowed spaces between cars in order to reach their own parked vehicles. The jury was also aided by a photograph showing the lot and the surrounding buildings, and the exact location of the only light which was directed toward the critical area.

All of this evidence considered, we think the jury could reasonably have concluded that due care in making the parking lot safe for users walking across it at night dictated more illumination than was in fact provided. The jury could also have concluded that the obscurity was such as to prevent the plaintiff from seeing a hole which would have been apparent had the area been adequately illuminated.

█ Finally, we think our view of this matter accords with the position of the Pennsylvania courts which have been notably insistent that the jury be left to decide whether public areas and passages which are in fact lighted, but dimly, are reasonably safe for the business visitor in all of the circumstances. See particularly Kmiotek v. Anost, 1946, 355 Pa. 349, 49 A.2d 695; Cathcart v. Sears, Roebuck & Co., 1936, 120 Pa. Super. 531, 183 A. 113. For recognition and application for the Pennsylvania doctrine in this court, see Munzenmayer v. Lit Brothers, 3d Cir., 1957, 248 F.2d 946.

The plaintiff was entitled to judgment on the verdict as rendered in her favor.

The judgment will be reversed.

MORRILL, District Judge (concurring).

While I concur in the reasoning and result, I would go further lest it be inferred that there was no jury question presented on the question of the hole, the first theory of liability relied on by the plaintiff.

True, there was no direct proof of knowledge of the hole or of the opportunity to know of it, but such proof is not always necessary. Oberheim v. Pennsylvania Sports and Enterprises, 358 Pa. 62, 55 A.2d 766; Lanni v. Pennsylvania R. Co., 371 Pa. 106, 107, 88 A.2d 887; Stais v. Sears, Roebuck & Co., 174 Pa.Super. 498, 102 A.2d 204, affd. 378 Pa. 289, 106 A.2d 216. A hole about 2–3 feet long, about one foot wide and 10–12 inches deep, located in this automobile parking area, does not come into being in a matter of moments. Unless we disregard common experience, such a condition develops over a long period of time, and at least a jury of fair-minded persons could logically draw that inference. It matters not to me that the plaintiff attempted to argue that the hole was made suddenly by the use of a tow truck.

In Mack v. Pittsburgh Rys. Co., 247 Pa. 598, 93 A. 618, there was no direct proof of how long a grease spot was on a platform but, the court held, the dust and footmarks on the grease bespoke its presence for a sufficiently long time to put the defendant on constructive notice. I think the same principle is true of a hole 10–12 inches deep; that it is not a situation which is apt to arise quite suddenly as in snow and slush situations. Gallagher v. Children's Aid Society, 344 Pa. 152, 23 A.2d 452.

It being reasonable to infer from the size of the hole that it existed for some time, then it is reasonable to infer that the defendant could have discovered the condition by the exercise of reasonable care. Restatement, Torts, § 343; Brown v. Dorney Park Coaster Co., 3 Cir., 1948, 167 F.2d 433, 437.