## Cannon et al., Appellants, v. Blatt.

Argued May 12, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Error assigned,* among others, was direction of verdict for defendant.

*David Kanner,* for appellant.

*Michael A. Foley* and *Henry I. Koplin,* for appellee, were not heard.

PER CURIAM, May 26, 1941:

This is an action of trespass to recover damages for injuries sustained by the wife plaintiff. From the judgment entered on a directed verdict in defendant's favor, plaintiffs appeal.

For more than a year prior to the accident, plaintiffs had lived, as tenants, in an apartment on the second floor front of a building owned by defendant. There was a bathroom in the center of the second floor for the use of the plaintiffs and other tenants on that floor. To reach the bathroom from plaintiffs' apartment, it was necessary to walk along a hallway and descend two steps. At about 6:30 p. m. on the night in question, the wife plaintiff left her apartment to go to the bathroom. The electric light in the hall was out. She testified she was in a rush to get to the bathroom. As it was not very light outside, she lit a candle, which went out when she closed the door. Without relighting it, she proceeded by feeling along the wall with her hand. She said she did not realize she was so near the steps, and fell when she came to them and was injured. She admitted familiarity with the nature of the hall and said that it was so dark she was unable to see anything.

Under this showing, the trial judge properly directed a verdict for defendant on the ground that plaintiff was contributorily negligent: *Conboy v. Osage Tribe No. 113*, 288 Pa. 193, 135 A. 729; *Hoffner v. Bergdoll*, 309 Pa. 558, 164 A. 607; *Fay v. 900 North 63rd St. Corp.*, 137 Pa. Superior Ct. 496, 9 A. 483.

Judgment affirmed.