# Washburn, Appellant, *v.* Brunswick Hotel of Lancaster, Inc.

Argued November 15, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Roland J. Christy,* with him *Merrill L. Hassel,* for appellant.

*F. Lyman Windolph,* with him *Windolph & Johnstone,* for appellee.

OPINION PER CURIAM, January 2, 1951:

Maude Washburn, plaintiff, was injured as a result of a fall in the Brunswick Hotel in Lancaster, Pennsylvania and brought this suit against its corporate owner to recover damages for those injuries. At the close of plaintiff's case, the learned court below entered a compulsory nonsuit, and from the refusal to take it off, this appeal followed.

In the late afternoon of June 23, 1948, plaintiff entered the lobby of the Brunswick Hotel to use the rest room. To reach this room it was necessary to pass through a cocktail lounge adjacent to the lobby and separated from it by a door two-thirds of which was clear glass. Just inside the door, which opened out into the lobby, were three steps leading down a total of seventeen inches to the floor of the cocktail lounge. Plaintiff opened this door and "looking straight ahead because [she] felt this was a level place" she walked through the doorway and fell down the steps.

From her own evidence it is quite clear that the nonsuit was properly entered. Plaintiff should have observed through the glass of the door that the cocktail lounge was on a lower level than the lobby and, when she opened the door she should have seen the steps. By her own admission she did not look down or attempt to see where she was going. In answer to the question "You thought you were on a level place and you walked

straight ahead and you didn't look down?" she said: "No, because I thought it was absolutely level". Under those circumstances she was guilty of culpable negligence. See *Walker v. B. & W. Corp.*, 320 Pa. 504, 182 A. 643. The fact that the lights were dim cannot aid this plaintiff who admittedly made no effort to use what light was available to her: *Bartek v. Grossman*, 356 Pa. 522, 52 A. 2d 209; *Hixenbaugh v. McCrory*, 145 Pa. Superior Ct. 586, 20 A. 2d 910. Thus her own negligence was the sole cause of her injury and she cannot recover.

Order affirmed.