Beitch et ux. *v.* Mishkin, Appellant.

Argued March 18, 1957. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.
(HIRT, J., absent).

*William C. Schultz, Jr.,* with him *Paul F. McKinsey, Merrill L. Hassell, Joseph J. Murphy, Mark D. Alspach,* and *Krusen, Evans & Shaw,* for appellant.

*John W. Beyer,* with him *Arnold, Bricker, Beyer & Barnes,* for appellee.

OPINION BY WRIGHT, J., June 11, 1957:

Julius Beitch and his wife, Lena, filed a complaint in trespass against Hyman Mishkin to recover for personal injuries sustained when Lena fell on the steps of a stairway leading from the second to the first floor of defendant's three-story apartment building. The jury rendered a verdict in favor of Lena but against Julius. Motions for new trial were filed by both plaintiffs and defendant. Plaintiffs' motion was withdrawn. The rule granted upon defendant's motion[1] was discharged, and judgment was entered on the verdict. Defendant has appealed.

The accident occurred on June 6, 1951, at 5:30 p.m. standard time. Appellees had occupied the third floor apartment for eight years prior thereto. Outside of their entrance door was a small landing, illuminated

---

[1] The printed record contains plaintiffs' motion instead of defendant's motion. However, our examination of the original record discloses that the reasons assigned in the respective motions were identical, namely: "1. The verdicts were against the law. 2. The verdicts were against the evidence. 3. The verdicts were so defective and inconsistent that the Court cannot render judgment thereon".

by an electric fixture which could be switched on or off at either the third or second floor landing. Another switch was located at the second floor landing for an electric fixture at that point. At the hour of the accident, this fixture was inoperative because it was then regulated by an automatic master control. There was testimony that the second flight of stairs (from the third to the second floor) was partially lighted by a murky skylight. The only natural light on the first flight of stairs (from the second to the first floor) came from the front door, which was largely of glass construction. Due to the existence of a porch and awning at the front of the house, however, only the lower portion of those steps received any light.

In January 1951, the wife-appellee had undergone an operation on her left eye for the removal of a cataract. Following this operation, she spent several months in the home of a daughter. She had returned to her own apartment about ten days prior to the accident, and had used the stairs on only one occasion between the time of her return and the day of the accident, and then not alone. She testified that there was no defect prior to the time of her operation. On the day of the accident she left her apartment with the intention of visiting her daughter. She turned on the light at the third floor landing, and descended without difficulty to the second floor landing. There she turned off the third floor light, and endeavored to turn on the light which would have illuminated the stairs to the first floor. Because of the master control previously mentioned, the switch failed to operate. She nevertheless started to descend the stairs to the street level. At the fourth step her foot caught and her hand was pulled from the bannister. As a result she was thrown to her right and fell to the bottom of the steps.

On behalf of appellees, there was testimony that the stairs from the second to the first floor were linoleum covered with a metal molding or nosing strip at the front edge of each step; that the linoleum on the fourth step had become worn and soft; that it would "give" for a quarter of an inch when stepped upon; that the metal strip would then "snap back"; that there was insufficient light from the door at the bottom to disclose this "stumbling block"; that husband-appellee knew of the defect; that he had on several occasions notified appellant of the condition; but that he had never mentioned it to his wife. On behalf of appellant, there was testimony that the steps were not defective; that no repairs had been made to them as late as three years after the accident; and that the husband had never complained that the steps were in need of repair.

Appellant's principal contention in the court below was that the verdicts were inconsistent. Reliance was placed upon *Elser v. Union Paving Co.*, 167 Pa. Superior Ct. 62, 74 A. 2d 529, wherein there was a verdict for the husband but against the wife. We held that those verdicts were inconsistent because the husband's action "is derivative". The case at bar presents the reverse situation, however, as appellant apparently now recognizes. On this appeal he contends only (1) that the finding of negligence on his part "was so clearly against the law and the weight of the evidence as to compel the granting of a new trial"; and (2) that the wife-plaintiff was guilty of contributory negligence as a matter of law or, in the alternative, that her contributory negligence was "so apparent as to . . . warrant the granting of a new trial".

Since the stairway under consideration was used in common by the several tenants, the duty of keeping it in repair was imposed upon appellant as landlord:

*Baldwin v. McEldowney,* 324 Pa. 399, 188 A. 154. While appellant was not an insurer, *Sheridan v. Great A. & P. Co.,* 353 Pa. 11, 44 A. 2d 280, it was incumbent upon him to keep the stairway in ordinary safe condition: *Lewin v. Pauli,* 19 Pa. Superior Ct. 447. And see *Germansen v. Egan,* 130 Pa. Superior Ct. 21, 196 A. 881. This obligation included the duty to provide adequate light: *Hoss v. Nestor B. & L.,* 164 Pa. Superior Ct. 77, 63 A. 2d 435. Appellant relies upon cases[2] wherein a stairway was only slightly worn, resulting in an uneven walking surface. However, in the instant case there was softness or "give" in the linoleum which, in connection with the metal nosing, created a defect which should have been anticipated and could have been discovered upon reasonable inspection: *Stais v. Sears, Roebuck & Co.,* 174 Pa. Superior Ct. 498, 102 A. 2d 204; affirmed 378 Pa. 289, 106 A. 2d 216. Moreover, appellant had notice of the condition. The question of his negligence was properly submitted to the jury.

Appellant's second contention that the wife-appellee was guilty of contributory negligence is based upon cases[3] holding that one who fails to observe a dangerous condition plainly visible, and who proceeds without regard to his own safety, must be held contributorily negligent as a matter of law. A sufficient an-

---

[2] *Chapman v. Clothier,* 274 Pa. 394, 118 A. 356; *Copelan v. Stanley Co.,* 142 Pa. Superior Ct. 603, 17 A. 2d 659; *Brace v. Kirby.* 43 Pa. Superior Ct. 389. Appellant also cites: *Haddon v. Snellenburg,* 293 Pa. 333, 143 A. 8; *Wright v. Pittsburgh Rys. Co.,* 320 Pa. 40, 181 A. 476; *Costack v. Pa. R. R. Co.,* 376 Pa. 341, 102 A. 2d 127.

[3] *Cannon v. Blatt,* 342 Pa. 303, 20 A. 2d 293; *Ziegler v. Western Union Telegraph Co.,* 319 Pa. 274, 179 A. 45; *Mammana v. Easton National Bank,* 338 Pa. 225, 12 A. 2d 918; *Ward v. Horn & Hardart Baking Co.,* 163 Pa. Superior Ct. 422, 62 A. 2d 97; *Washburn v. Brunswick Hotel,* 366 Pa. 463, 77 A. 2d 357; *Miller v. Exeter Borough,* 366 Pa. 336, 77 A. 2d 395.

swer to this argument is found in *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 2 A. 2d 831, wherein it was held that a person who is not a trespasser, and who has some fairly compelling reason for walking in a place which is not utterly devoid of light, will not be declared guilty of contributory negligence as a matter of law. The question of the wife's contributory negligence was also properly submitted to the jury. See *Hoss v. Nestor B. & L.,* supra, 164 Pa. Superior Ct. 77, 63 A. 2d 435.

The granting of a new trial on the ground that the verdict is against the weight of the evidence is peculiarly for the court below, and the appellate court will not reverse unless there has been an abuse of discretion: *Bell Telephone Co. of Pa. v. Cruice,* 178 Pa. Superior Ct. 308, 116 A. 2d 355. See also *Battistone v. Benedetti,* 385 Pa. 163, 122 A. 2d 536. We perceive no abuse of discretion in the case at bar.

Judgment affirmed.