Craft Reupholstering Co. *v.* Rosenberg,
Appellant.

Argued November 18, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Jacob J. Siegal,* with him *Richard R. Block,* for appellants.

*Louis D. Apothaker,* with him *Goncer M. Krestal,* and *Blank, Rudenko, Klaus & Rome,* for appellees.

OPINION PER CURIAM, January 17, 1966:
The plaintiffs brought an action in equity against their advertising agents alleging, inter alia, that the agents had collected more than the agreed-to 15% of the advertising billings channeled through them, the defendants. The court below ordered the defendants to account to the plaintiffs, and after affirmance by the court en banc, the defendants appealed, maintaining that the evidence did not warrant such an accounting.

The record reveals that the issues resolved themselves wholly into a question of credibility. The chancellor found that during the years 1957 to 1963, inclusive, the defendants acted as advertising agents for the plaintiffs and placed advertising with certain radio and television broadcasting stations. In return for such services, the defendants were to receive from the advertising media (the radio and television broadcasting stations) a commission of 15% of the amounts billed plaintiffs by such stations. Defendants would then collect the amounts charged by the media from the plaintiffs, retain 15% thereof, and remit the balance to the radio and broadcasting stations. The chancellor found that the defendants during the years 1957 to 1963 billed and received from the plaintiff sums in excess of the amounts paid by the defendants to the broadcasting stations for such advertising, and in excess of the 15% agreed upon commission, without disclosing such differential to the plaintiffs, and that therefore the defendants were liable to the plaintiffs for the excess of the amounts billed to and paid by the plaintiffs to the defendants over the amounts billed to the defendants by the advertising media.

The chancellor did not accept the defendants' testimony that the plaintiffs agreed to make payments at rates in excess of the customary 15% commission.

These findings of the chancellor were all amply supported by credible evidence; they were affirmed by the court en banc, and thus have the force of the findings of a jury: *McRoberts v. Phelps,* 391 Pa. 591. There is no justification in law for this Court's disturbing those findings.

Order affirmed; each party to bear own costs.