## Selway, Appellant, v. Selway.

Argued March 17, 1967.  Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Sanford S. Finder,* with him *Robert L. Zeisler,* for
appellant.

*Thomas L. Anderson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 27, 1967:

Plaintiff-appellant commenced an action in equity
seeking the rescission of a contract whereby he con-
veyed his interest in a business which had been owned
by him and the defendant-appellee, who was also his
wife.  The agreement was executed in January of 1960,
and subsequently, the consideration called for was paid
to appellant, and appellee took over sole ownership of
the business.

Subsequently, the parties were divorced, and in July
of 1960, appellant remarried in Arizona, where he re-
mained and operated a business of his own until Sep-
tember of 1960.  At that time, he returned to Washing-
ton, Pennsylvania, and commenced the operation of a
business in competition with his former wife.  In Feb-
ruary of 1961, he commenced the instant action for
rescission, alleging that because of his mental condi-

tion, his former wife had successfully used threats, duress, and undue influence to compel him to sell his interest in the business to her. Appellee answered the complaint and denied the material allegations. In addition, she filed a counterclaim, asking that plaintiff be enjoined from competing with her, pursuant to a noncompetition agreement made ancillary to the agreement of sale. The chancellor who heard the matter died prior to his adjudication of the matter, and the record was given to another member of the bench of that county for adjudication. No additional testimony was heard. The chancellor made his adjudication and entered a decree nisi, ordering rescission of the contract. Exceptions were filed by appellee, and the court en banc reversed the writer of the adjudication and entered a final decree refusing relief, both on the complaint and the counterclaim. This appeal followed.

The evidence in this action is contradictory, and the disposition of the matter is solely dependent upon the credibility of the parties. None of the judges who participated below saw or heard the witnesses, and they, as we, can proceed only on the record of the hearing before the chancellor. The majority of the judges comprising the court en banc found the testimony of the appellee and her witnesses to be credible and that of appellant and his witnesses not worthy of belief. Our review of this record leads us to the same conclusion reached by the majority of the court en banc, and we will not disturb its decree.

Decree affirmed, costs to be borne by appellant.