Hydro-Flex, Inc., Appellant, *v.* Alter Bolt Company, Inc.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Michael F. Walsh,* with him *O'Halloran, Stack & Smith,* for appellant.

*Edwin L. Scherlis,* with him *Frank and Margolis,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

This is an appeal from the denial of plaintiff-appellant's petition to re-open a judgment entered against it or grant a new trial after plaintiff filed exceptions to findings of the trial judge. Exceptions were argued before the Court of Common Pleas of Philadelphia, sit-

ting en banc, and dismissed by that panel. This appeal followed.

Appellant brought suit in 1967 on book accounts for goods sold to appellee. In April of 1968, appellee answered and asserted a counterclaim for commissions on an oral contract in which appellee acted as a "middleman" in preliminary arrangements for a sale by appellant to a third party (DeVal Corp.) of hydraulic hoses and fittings. Appellee's liability on the book accounts was admitted and the only issue in controversy at the trial was the existence of the commissions contract for 7½% of the gross sales to DeVal.[1]

The trial judge held for appellee on this issue, finding that an oral contract was, in fact, entered into by the parties for stated commission. Appellant's records of account indicated sales to DeVal in excess of $304,000. Commissions thereon amounted to $22,800 and judgment in that amount was entered for appellee. The Court en banc affirmed this finding of the trial judge.

The oral contract was allegedly entered into in February or March of 1966 between Mr. Leonard Schwartz, president of appellant corporation and Albert Heffler, president of appellee corporation. Appellant's general manager, Mr. John Heil, was also present. Heffler was aware of DeVal's needs for supplies on a large government contract and contacted Schwartz and advised him to come to Philadelphia. Schwartz and Heil did so. Prior to introducing them to officers of DeVal Corp., Heffler demanded a commission in return for his services as middleman, in the event that appellant be awarded the DeVal contract.

---

[1] Appellee had originally claimed a contract for a commission of 7½% of net profit on the sale. Before trial, appellee amended the counterclaim, without objection, to read 7½% of gross sales.

Heffler and Heil testified that an agreement for a commission of 7½% of gross sales was reached between Heffler and Schwartz before Heffler introduced Schwartz to representatives of DeVal Corp. Schwartz denied that such an agreement had been reached. Mr. Finn, a representative of DeVal, testified that Heffler did arrange the preliminary meetings between DeVal and appellant.

As the basis for its petition to re-open and for a new trial, appellant argued that the court's finding of an oral contract was so against the weight of the evidence as to cause an injustice requiring a new trial. On appeal it is urged that the denial of the petition was an abuse of discretion. With this we cannot agree, and affirm the lower court's refusal to extend these proceedings.

The granting of a new trial on the grounds that the findings of the trial judge were against the weight of the evidence is for the trial judge, and such a determination should not be reversed on appeal unless there has been a clear and palpable abuse of discretion. *Bell Telephone Co. v. Cruice,* 178 Pa. Superior Ct. 308, 116 A. 2d 355 (1955); *Beitch v. Mishkin,* 184 Pa. Superior Ct. 120, 132 A. 2d 703 (1957). In the instant case, the judge was in a position to hear the conflicting evidence and to evaluate the credibility and demeanor of the witnesses. Indeed, the entire case turns on a question of credibility and a resolution of conflicting testimony. In such a case, the findings of the trial judge where supported by the record should not be disturbed on appeal in the absence of manifest error. *Scientific Living v. Hohensee,* 440 Pa. 280, 270 A. 2d 216 (1970); *Drummond v. Drummond,* 414 Pa. 548, 200 A. 2d 887 (1964). This is especially true where the trial judge's findings have been approved by a court en banc. *Selway v. Selway,* 426 Pa. 224, 231 A. 2d 872 (1967);

*Craft Reupholstering Co. v. Rosenberg,* 420 Pa. 43, 216 A. 2d 49 (1966). There is adequate support on the record for the findings and no manifest error present that would justify disturbing the trial judge's findings.

Appellant argues, however, that the refusal of the court to consider further evidence resulted in a clear and palpable injustice. An analysis of appellant's petition to re-open or grant a new trial discloses no new facts upon which the petition should have been granted.

Such a petition for the consideration of additional evidence should be granted only where that evidence (1) is new; (2) could not have been obtained at trial in the exercise of due diligence; (3) is relevant and non-cumulative; (4) is not for the purposes of impeachment; (5) and must be likely to compel a different result. *Higbee v. Koziol,* 383 Pa. 116, 117 A. 2d 707 (1955); *Hagopian v. Eskandarian,* 396 Pa. 401, 153 A. 2d 897 (1959), cert. den., 361 U.S. 938 (1960); *Bowie v. Shelton,* 214 Pa. Superior Ct. 107, 251 A. 2d 667 (1969).

Appellant's petition set forth, in substance, the following grounds in support of his petition for a reopening of the proceedings or for a new trial:

(1) that evidence of trade practice would be offered to show that commissions contracts were not made in the appellant's business;

(2) that appellant's profits for the years of 1967 through 1969 were such that the payment of a commission would have completely eroded that profit;

(3) that the criminal record of appellee's agent, Heffler, was not sufficiently detailed at trial;

(4) that testimony given by Heil was substantially different than that given in a personal bankruptcy proceeding;

(5) that prior to trial appellee was willing to discontinue suit on the counterclaim if appellant would

discontinue suit on the book accounts and pay a certain amount in compromise.

Appellant's first ground is flatly contradicted by its own witness, Mr. Schwartz, who testified that he had given commissions both before and after the one involved in the instant case. Messrs. Heil and Heffler also testified that commissions were not abnormal in the trade. While evidence of the trade custom would have some relevancy, the lower court's determination that a commissions contract was, in fact, consummated in this case indicates that such evidence would not have compelled a different result. Moreover, there is no indication that such evidence was not available at trial. *Higbee v. Koziol,* supra.

The second reason advanced in support of his petition, that a payment of 7½% commission on gross sales would have completely eroded yearly profit from 1967 to 1969 has no relevancy to the issue of whether a commissions contract was agreed upon in 1966. The contract was prospective, the desirability of which would hinge upon appellant's expectation of profit from sales to DeVal and not the subsequent frustrated expectations. In this regard it is important to note that appellant expected a profit in *excess* of 13 to 15% of gross which was its normal profit on sales. Schwartz testified that he did make the normal profit on the DeVal contract.

The third and fourth reasons are directed toward an attack upon the credibility of Messrs. Heil and Heffler, and, as such, do not constitute grounds for the taking of additional evidence by opening the judgment or granting a new trial. *Higbee v. Koziol,* supra. Moreover, the criminal record of Heffler was available at trial and brought to the attention of the trial judge for his consideration in evaluating credibility.

Appellee's fifth allegation relates to a compromise settlement of the counterclaim. The lower court, en banc, considered the appellee's attempt to compromise his claim of commissions and held that such an attempt did not preclude his right to insist on performance of the original contract. The lower court was clearly correct in this holding. Further consideration of this matter would be repetitive and, would not compel the grant of a new trial or the further extension of the proceedings by opening judgment.

The pleadings of appellee admit to an agreement to discontinue the counterclaim if appellant would discontinue his suit on the book accounts and pay an amount of money significantly less than demanded in the counterclaim. Appellant denied the existence of any such agreement both in the pleadings and in testimony at trial. Mr. Heffler testified that he was willing, in December of 1967, to drop his demand for full payment of the commission if appellant would drop its suit and forthwith pay him the amount of the compromise. The suit was never dropped and no payment was made. Appellee, therefore, had every right to insist upon satisfaction of his original claim.

While a subsequent contract *may* be accepted as a substitution for, and satisfaction of a pre-existing duty, and thus bar the revival of the pre-existing duty following a breach of the subsequent contract, it is always a question of interpretation whether such an effect was intended by the parties. *Restatement, Contracts* §418. In the instant case, the settlement was contingent upon the discontinuance of suit by appellee and the payment of the amount agreed upon. Where such a settlement is contingent upon the performance of the terms of the settlement, only performance will discharge the obligations under the original contract. *Gordon Brothers Inc. v. Kelley,* 92 Pa. Superior Ct.

485 (1928). The failure of appellant to perform, therefore, gave appellee the right to insist upon performance of the original agreement. *Restatement, Contracts*, §417(c). Although the lower court may have been incorrect in characterizing the subsequent agreement as "mere negotiation", it did not err in allowing appellee to insist upon performance of the original contract.

Since there was no abuse of discretion in denying the petition to re-open the judgment or grant a new trial, the Order of the lower court is affirmed.

DISSENTING OPINION BY PACKEL, J.:

The plaintiff's action on a book account for goods sold was successful as to its claim for some $4,000, but was concluded with a finding of $22,800 against it on a counterclaim based on an alleged oral contract to pay commissions.

The oral contract for commissions was allegedly made in early 1966. Sales to the third party commenced three or four months later. In June of 1967 the plaintiff commenced its action against the defendant. Prior to filing an answer, the defendant delivered to the plaintiff eight checks, each for $500. Four checks payable in September, October, November and December of 1967 were honored, but payment was stopped on the remaining four checks. The record shows that prior to December of 1967, the defendant never made a claim for commissions. The defendant, in its counterclaim filed on April 20, 1968, alleged that the plaintiff had agreed to pay it 7½% of net profits on sales to a third party but at the trial it amended the counterclaim to allege that the commission was to be 7½% on gross sales instead of net profits. The plaintiff denied there was any agreement to pay defendant a commission.

The defendant's counterclaim made the following averment: "6. Defendant and Plaintiff agreed that the said indebtedness of $15,000.00 would be compromised, and Plaintiff would discontinue the within action and pay to Defendant the sum of $2591.15, representing the compromise figure minus the balance of the claim against Defendant, which is more particularly set forth in Plaintiff's Complaint." Notwithstanding that averment, the defendant claimed in paragraph 7 its right to disregard the agreement and to recover the full amount of its alleged original claim.

The court below, in its en banc opinion and order, states that: ". . . counterclaimant's attempt to compromise the plaintiff's debt in no way precludes his right to insist on performance in accordance with the terms of the agreement. The Court deems efforts to compromise between the parties as mere negotiations, failing fruition, and accordingly of no legal significance." However, the counterclaim, as quoted above, avers not an attempt to compromise but in fact avers that a compromise was agreed upon. The appropriate rule, therefore, is the black letter of Section 418 of the Restatement on Contracts, which provides: "A subsequent contract may itself be accepted as immediate satisfaction and discharge of a pre-existing contractual duty, or duty to make compensation; and if so accepted the pre-existing duty is discharged and is not revived by the debtor's breach of the subsequent contract." Since the defendant's counterclaim alleged an agreement under which $2,591.05 was the net amount due it, that is the maximum amount recoverable by it, together with interest from December of 1967.

The judgment for $22,800 should be reversed and the case remanded for appropriate action in accordance herewith.