582 A.2d 719

**Paul LEUNG on Behalf of HOUSE OF LEE, INC., Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided Nov. 15, 1990.

Wendell G. Freeland, Freeland & Kronz, with him, Edward J. Feinstein, Vegler, Kowall & Ombres, and Thomas O. Schmitt, Ferris, DiPaolo & Russo, Pittsburgh, for petitioner.

Terrence J. Buda, Asst. Counsel, with him, Frank B. Wilmarth, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, Harrisburg, for respondent.

Before COLINS and PALLADINO, JJ., and CRUMLISH, Jr., Senior Judge.

COLINS, Judge.

Paul Leung (Leung), General Manager of the House of Lee, Inc. restaurant, petitions for review of a Pennsylvania Public Utility Commission (PUC or Commission) order adopting the initial decision of the Administrative Law Judge (ALJ) and denying the Exceptions filed thereto by Leung.

Leung was supervising extensive renovations to the restaurant for which he had contracted with Advanced Telecom (Telecom), a telephone equipment vendor, to install new equipment in the renovated restaurant. As part of this installation, Telecom requested Bell of Pennsylvania (Bell) to install a telephone jack.

On the morning of October 14, 1988, Leonard Rogers, a service technician for Bell, arrived at the site to install the jack. Rogers testified that he had to wait for a representative from Telecom to indicate the exact placement for the jack. Rogers further testified that it took approximately one hour to install the jack, but that he again had to wait for Leung to sign the invoice. The invoice indicated a $1.39 charge for equipment, a $37.25 charge for the initial visit,

and $88.00 for the work charge representing two hours of time at $11.00 per each fifteen minutes, totalling $126.64. There was also a notation on the invoice indicating that extra time was used waiting for the vendor and discussing placement of the jack. Leung signed the invoice and made no objection until he received a monthly statement from Bell.

Leung testified that although he was busy supervising other work, he believed that the installation only took one-half hour, and that waiting time was very short. The dispute here, at most, concerns one and one-quarter hours or $55.00.

After complaining to Bell about the alleged excessive charges, Leung filed a complaint with the PUC. Following an answer by Bell, a hearing was held on May 4, 1989 before an ALJ, who issued an initial decision dismissing the complaint based upon Leung's failure to meet the burden of proof. Leung filed Exceptions, stating that after the hearing he had contacted Telecom to find out when their technician had arrived on the site on October 14th. Leung states that he was informed that Telecom never dispatches a technician to attend or assist the phone company with the installation of a jack. Telecom's statement was reduced to letter form dated June 19, 1989. Leung then requested the PUC to grant a new hearing to allow this newly discovered evidence in the record. Bell filed Exceptions and the Commission issued an Opinion and Order adopting the ALJ's initial decision and denying Leung's Exceptions. Leung then filed a Petition for Review with this Court.

Subsequent to the PUC's final order, counsel for the Commission contacted Telecom and received a copy of an invoice showing that a Telecom service representative did arrive at the site on the morning of October 14, 1988. The Commission then filed an Application for Correction of the Record with this Court dated May 23, 1989, requesting that Telecom's letter received by Leung and any references to it be stricken from the record or that the copy of the invoice

obtained by counsel for the Commission be included in the record.

Leung filed an Application for Remand on September 12, 1990, which contains as an exhibit the verified statement of Chuck Lane (Lane), a technician employed by Telecom. This statement indicates that although Lane cannot recall whether he spoke with the Bell technician on the day in question, he believes he was on the premises prior to Bell's employee and did not leave the site until after 6:30 P.M.

The issue raised by Leung concerns whether the PUC erred in denying his Exceptions thereby refusing to consider after-acquired evidence. We have before us, in addition to the Petition for Review on the merits, the Commission's Application for Correction of the Record and Leung's Application for Remand.

 Our scope of review is limited to determining whether the PUC violated constitutional rights, made an error of law, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Beyond that, when we determine whether a request for consideration of additional evidence should be granted, we examine whether "that evidence (1) is new; (2) could not have been obtained at trial in the exercise of due diligence; (3) is relevant and non-cumulative; (4) is not for the purposes of impeachment; (5) and must be likely to compel a different result." *Hydro–Flex, Inc. v. Alter Bolt Company, Inc.*, 223 Pa.Superior Ct. 228, 232, 296 A.2d 874, 877 (1972).

It appears that in addressing the above-stated elements of the additional evidence test, we also reach the merits of the two applications. Both applications are requesting that additional evidence be entered into the record, whether under the guise of an Application for Correction or an Application for Remand. Therefore, our examination focuses on the germane facts as they are measured against the additional evidence test.

■ Leung requests the remand so that the letter, indicating that Telecom never sends technicians to observe or assist in the installation of a jack, and the affidavit of Telecom's technician, concerning his time on the job, can be considered. The Commission wants to correct the record to enter evidence that Telecom did send a technician to the site on the day in question. Despite the fact that the specific items of evidence are new, they could have *easily* been obtained for trial. Furthermore, the items are relevant and non-cumulative, but seem to be for the purpose of impeachment and most likely will compel the same result. Upon this basis we conclude that the requirements set out in the additional evidence test have not been met, so that neither application is granted and the PUC's order is affirmed.

This Court noted at oral argument that the PUC represented Bell in the proceedings and that the taxpayers bore the expenses of this litigation for Bell. It seems that there could be a more judicious use made of taxpayers' funds. In an age of increasing demands on the public purse, we question a procedure whereby the PUC represents Bell and undertakes the responsibility for all the ensuing costs involved. We query the correctness of such a procedure. Bell could have remained an active participant in this litigation and should be the party responsible for the payment of costs involved in defending this action. Other agency appeals, specifically in the workmen's compensation area, are undertaken by the interested private parties. It is beyond this Court's comprehension that taxpayers must foot the bill, estimated at thousands of dollars, to litigate a case, in which the sum total in controversy is fifty-five dollars.

Affirmed.

## ORDER

AND NOW, this 15th day of November, 1990, the Public Utility Commission's Application for Correction of the Record and the Petitioner's Application for Remand are denied and the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.