J-A35012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA HEICHEL AND GERALD HEICHEL, HER HUSBAND,<br><br>Appellants<br><br>v.<br><br>SMITH PAVING AND CONSTRUCTION COMPANY A/K/A SMITH PAVING & CONSTRUCTION COMPANY, AND GRUBB & ELLIS MANAGEMENT SERVICES, INC.,<br><br>Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1864 WDA 2014 |

Appeal from the Order Entered November 12, 2014
In the Court of Common Pleas of Lawrence County
Civil Division at No(s):  2010-10057

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED JANUARY 25, 2016**

Appellants, Patricia and Gerald Heichel, appeal from the order granting summary judgment in favor of Appellees, Grubb & Ellis Management Services, Inc. (Grubb & Ellis) and Smith Paving and Construction Company a/k/a Smith Paving & Construction Company (Smith Paving).  After careful review, we affirm.

The trial court summarized the relevant facts and procedural background of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> Grubb & Ellis is the property manager for the Liberty Mutual Building which is located at 2501 Wilmington Road, New Castle, Lawrence County, Pennsylvania.  Liberty Mutual entered into a contract with [] Smith Paving for snow removal on the Liberty Mutual premises for the 2007 through 2008 winter.  [] Smith

Paving's main responsibilities pursuant to the contract were to remove snow and ice from the parking lot and walkway area.

On February 12, 2008, [] Smith Paving provided continuous snow removal services to the Liberty Mutual premises commencing at 4:00 a.m. to midnight. There was a total charge for 20 hours of continuous service on that date for an amount of $11,800.00. The service included 20 hours of plow truck service, 80 tons of salt, 20 hours of backhoe service, 5 hours of plow truck service, 10 hours of labor on the sidewalks and 60 bags of calcium. On that date, the New Castle area received six to ten inches of snow that changed to ice and freezing rain. There were no complaints made to [] Smith Paving or [] Grubb & Ellis that there was ice or snow on the Liberty Mutual parking lot or sidewalks. On that date, Patricia Heichel was leaving work and traversing the parking lot on the Liberty Mutual premises on her way to her vehicle when she fell. Mrs. Heichel failed to explain whether the parking lot, encompassing the immediate area of her fall, was covered with snow or ice nor could she recall many details from that incident, which included the type of shoes she was wearing or the time when the fall occurred. She also does not recall the cause of her fall. Lori Thorman, Mrs. Heichel's co-worker, responded to the report that Mrs. Heichel fell. Ms. Thorman testified that she had to walk "very cautiously and it was slippery" in the general area of the walkways and parking lot. She recounted that she had to hold onto the security guard and was taking small steps when walking on that area. Ms. Thorman explained that the parking lot was slippery but did not describe whether there was ice or snow in that area. It must be noted that Ms. Thorman was walking on the parking lot after Mrs. Heichel fell. There is no other testimony stating that the parking lot or walkways were covered with snow and ice at the time of Mrs. Heichel's fall. [Appellants] originally presented black and white photographs derived from Liberty Mutual's surveillance cameras that depicted the condition of the parking lot and the area where Mrs. Heichel fell. However, those photographs were taken from a distance that makes it difficult to decipher the condition of the parking lot.

As a result of the incident, [Appellants] filed suit on January 13, 2010, asserting claims of negligence against [] Smith Paving and [] Grubb & Ellis. Gerald Heichel asserted a claim for loss of consortium against [Appellees]. On March 29, 2010, [] Smith Paving filed an Answer, New Matter and Crossclaim [p]ursuant [t]o Pa.R.C.P. No. 1031.1, in which it contends that it is entitled

- 2 -

to contribution or indemnity from [] Grubb & Ellis, if [] Smith Paving is found to be liable in this case. On April 29, 2010, [] Grubb & Ellis filed its Answer, New Matter and Crossclaim [p]ursuant to Pa.R.C.P. No. 1031.1, asserting it is a third party beneficiary of the contract between Liberty Mutual and [] Smith Paving and it is entitled to contribution or indemnity from [] Smith Paving if it is found to be liable in the current matter. On May 10, 2010, [] Smith Paving filed a Reply to [] Grubb & Ellis' Crossclaim, and [] Grubb & Ellis filed its Reply to [] Smith Paving's Crossclaim. On March 17, 2014, [] Smith Paving filed its Motion for Summary Judgment. [] Grubb & Ellis also filed a Motion for Summary Judgment on March 26, 2014. Both Motions for Summary Judgment argued that [Appellants] failed to establish a prima facie case for negligence as they are unable to establish the cause of Patricia Heichel's fall nor are they able to demonstrate that the snow or ice accumulated in ridges or elevations of such size to unreasonably obstruct travel and create[] a dangerous condition. [] Grubb & Ellis also asserted that it is entitled to summary judgment on its crossclaim as it is a third party beneficiary of the contract between [] Smith Paving and Liberty Mutual in which [] Smith Paving agreed to [i]ndemnify [] Grubb & Ellis for liabilities arising out of [] Smith Paving's performance of snow removal on the premises in question. The [c]ourt granted [Appellees'] Motions for Summary Judgment and it dismissed [Appellants'] Complaint on October 15, 2014. As such, the [c]ourt did not address the Motions for Summary Judgment concerning [Appellees'] crossclaims. [Appellants] then filed a Motion for Reconsideration on October 28, 2014, in which it provided the [c]ourt with several documents [to which] the [c]ourt did not have access [] when deciding the Motions for Summary Judgment which included the Noga Ambulance Incident Report, the Emergency Room Report from Jameson Memorial Hospital and higher quality photographs that more clearly depicted the condition of the parking lot. On November 12, 2014, the [c]ourt denied [Appellants'] Motion for Reconsideration. In response, [Appellants] filed their Notice of Appeal on the same date. Appellants have timely filed [their] Concise Statement of Matters [*sic*] Complained of on Appeal.

Trial Court Opinion (TCO), 12/22/14, at 3-5.

Herein, Appellants raise the following issues for our review on appeal:

I.      Whether the [t]rial [c]ourt erred in concluding as a matter of law that Appellants' evidence was insufficient to establish that the icy condition of the parking lot was the legal cause of [Mrs. Heichel's] injury[?]

II.     Whether the [t]rial [c]ourt erred in deciding genuine issues of material fact regarding the condition of the property and the cause of [Mrs.] Heichel's injury[?]

III.    Whether the [t]rial [c]ourt abused its discretion in failing to grant reconsideration when [] Appellants presented medical records and clearer photographs of the accident scene confirming that [Mrs.] Heichel's fall was caused by an icy condition which existed in the designated walkway[?]

IV.    Whether the [t]rial [c]ourt abused its discretion in failing to grant reconsideration where controlling case law renders the evidence contained in Appellant[s'] medical records sufficient to raise a genuine issue of material fact requiring jury resolution[?]

Appellants' Brief at 9-10.

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the

existence of a genuine issue of material fact must be resolved against the moving party.

**Thompson v. Ginkel**, 95 A.3d 900, 904 (Pa. Super. 2014) (citations omitted).

Preliminarily, we note that Appellants have failed to establish a *prima facie* case of negligence against Appellees. The Pennsylvania Supreme Court set forth the following pertinent principles of law in **Amon v. Shemaka**, 214 A.2d 238 (Pa. 1965):

> (1) In order to recover, a plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent, and that his negligence was the proximate cause of the accident;
>
> (2) Moreover, the mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence[.]

**Id.** at 239. In order to establish a claim for negligence, a plaintiff must prove all of the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal connection between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." **Reeves v. Middletown Athletic Ass'n**, 866 A.2d 1115, 1126 (Pa. Super. 2004).

Appellants first contend that the trial court erred in concluding, as a matter of law, that there was insufficient evidence to establish that the icy condition of the parking lot was the legal cause of Mrs. Heichel's injury.

Appellant's Brief at 15.   However, based upon the following, we uphold the trial court's decision:

> In Pennsylvania[,] there is no liability created by a general slippery condition on the surface of a parking lot.   It must appear that there were dangerous conditions due to ridges or elevations, which were allowed to remain for an unreasonable length of time.   Plaintiff must also show that these ridges or elevations were the cause of the fall and in the absence of proof of this, the plaintiff has no basis for recovery.

**Roland v. Kravco, Inc.**, 513 A.2d 1029 (Pa. Super. 1986) (citations omitted).   Moreover, it has long been held by the courts in Pennsylvania that a landowner has no absolute duty to keep his premises and sidewalks free from snow and ice at all times, as these formations are a natural phenomenon and are incidental to our climate.   **Rinaldi v. Levine**, 176 A.2d 623, 625 (Pa. Super. 1962).   **See also Wentz v. Pennswood Apartments**, 518 A.2d 314, 316 (Pa. Super. 1986) ("[A]n owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.").

It has been consistently held by this Court that in order to recover for a fall on an ice or snow covered sidewalk or parking lot, a plaintiff must prove:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was

- 6 -

the dangerous accumulation of snow and ice which caused the plaintiff to fall.

***Harmotta v. Bender***, 601 A.2d 837, 841 (Pa. Super. 1992). "Absent proof of *all* such facts, [a] plaintiff has no basis for recovery." ***Rinaldi,*** 176 A.2d at 625 (emphasis in original).

In the case at hand, there is no evidence of ridges or elevations. To the contrary, there is only evidence of generally slippery conditions. It is undisputed that on the date of the underlying incident, there was a major snow storm and the entire New Castle area received 6 to 10 inches of snow. Furthermore, the record reflects that Smith Paving provided 20 hours of continuous snow removal services on the Liberty Mutual premises, beginning at 4 a.m. that day, and that the weather conditions changed from snow to freezing rain shortly before Mrs. Heichel's fall. Appellees cannot be held responsible for the sudden change in weather, and Appellants have failed to establish any negligence on the part of Appellees, where Appellees had been performing ongoing snow removal throughout the day.

Additionally, Mrs. Heichel is admittedly amnesic as to the events surrounding her fall. As noted by the trial court in its Rule 1925 opinion:

> [Appellants] have failed to present the [c]ourt with adequate evidence to demonstrate that Mrs. Heichel's fall was caused by icy conditions on the Liberty Mutual premises. The only firsthand testimony that indicates that the parking lot or walkway was icy was provided by Ms. Thorman, who stated that she had to hold onto the security guard while walking towards Mrs. Heichel because it was slippery. She further stated that the entire parking lot was a sheet of ice due to a sudden change in the weather conditions, but she failed to explain the condition of the location where Mrs. Heichel fell. It is important to note that Ms.

- 7 -

Thorman's testimony is in regards to the general slippery conditions caused by the inclement weather and does not relay the conditions of the specific location where Mrs. Heichel fell. Ms. Thorman went to the parking lot *after* Mrs. Heichel had fallen, so she is unable to speak to the conditions of the parking lot at the time of the fall.

TCO at 13 (emphasis added).

Appellants further claim that the trial court abused its discretion in denying their motion for reconsideration. More specifically, Appellants assert that they presented portions of Mrs. Heichel's medical records with their motion for reconsideration, in response to the trial court's concern over her inability to remember or identify the cause of her fall. Appellants' Brief at 45. Additionally, Appellants aver that they provided higher quality surveillance photographs in response to the trial court's statement that the photographic evidence was "difficult to decipher," and that this sharper, clearer photographic evidence provides direct evidence of the icy condition of the walkway at the time of Mrs. Heichel's fall. *Id.* at 46.

However, as explained in the trial court's well-thought-out opinion:

[Appellants] have failed to provide any testimony concerning the conditions of the specific area where Mrs. Heichel fell or how she fell. Attached to their Motion for Reconsideration, [Appellants] provided the [c]ourt with medical records from Noga Ambulance Service and Emergency Room Records from Jameson Memorial Hospital that indicate Mrs. Heichel was injured by slipping on ice while walking on the Liberty Mutual Parking Lot. The Noga Ambulance Incident Report stated that the parking lot was extremely slippery due to the weather conditions and ongoing snow removal, which appeared to be observations made by the ambulance personnel concerning the general condition of the parking lot. The Ambulance Incident Report also explained that Mrs. Heichel indicated that she fell on ice. [Appellants] provided the [c]ourt with pictures captured on Liberty Mutual surveillance

cameras in an attempt to demonstrate the condition of the parking lot, but no other testimony concerning the condition of the parking lot or the walkway. Those pictures, which appear to demonstrate that the snow and ice were properly removed from the Liberty Mutual premises, are taken from a distance and are difficult to decipher. It must be noted that [Appellants] presented the [c]ourt with higher quality pictures attached to their Motion for Reconsideration; however, those pictures illustrate that there were generally slippery conditions in the area and do not demonstrate the condition of the parking lot in the exact area where Mrs. Heichel fell. The Court has the discretion whether to consider additional evidence when deciding a motion for reconsideration. **West Pottsgrove Twp. v. Moyer**, 2010 WL 9519343 (Pa. Cmwlth. 2010). The [c]ourt has decided not to consider that evidence because [Appellants] had the evidence in their possession when they responded to [Appellees'] Motions for Summary Judgment and they failed to present the same when they were required to in response to the Motion for Summary Judgment. Hence, it was not newly acquired evidence and the [c]ourt did not consider it when it decided [Appellants'] Motion for Reconsideration.

TCO at 11-12 (footnote omitted). "A denial of an opportunity for rehearing or reconsideration for the purpose of receiving additional evidence will not ordinarily be disturbed by an appellate court. Reversal is appropriate only if the lower court has committed an abuse of discretion." **Kruth v. Liberty Mutual Ins. Co.**, 499 A.2d 354, 356 (Pa. Super. 1985) (citations omitted). Based on our review of the record, we find no such abuse of discretion by the trial court in this case.

Finally, Appellants contend that the trial court's denial of their motion for reconsideration was an abuse of discretion, as the court failed to apply controlling case law which Appellants suggest is specifically on point. Appellants' Brief at 46-49. Appellants rely solely on **Turner v. Valley Housing Dev. Corp.**, 972 A.2d 531 (Pa. Super. 2009), which involved a slip

and fall where there was contradictory evidence regarding the location and cause of the decedent's fall. The appellee in *Turner* moved for summary judgment, contending that the appellant had failed to prove causation. The appellant filed an answer to the motion for summary judgment, asserting that statements in the decedent's medical records established the location of the decedent's fall. In response, the appellee filed a motion to strike the medical records, arguing that the statements in the records were hearsay. Initially, the trial court granted the motion to strike the third party statements in the medical records and granted the motion for summary judgment in favor of the appellee. On appeal, this Court concluded that the trial court abused its discretion in denying the motion to strike the statements contained in the medical records and noted that medical records are admissible under the hearsay rules as evidence of facts contained therein, but not as evidence of medical opinion or diagnosis. *Id.* at 537-538 (citing *Folger v. Dugan*, 876 A.2d 1049, 1055 (Pa. Super. 2005)).

Here, Appellants contend that, similar to *Turner*, the trial court abused its discretion in refusing to consider the statements contained in Mrs. Heichel's medical records regarding the cause of her fall. However, in the present case, Appellants did not attempt to introduce the medical records as evidence until the filing of their motion for reconsideration, whereas in *Turner*, the medical records of the decedent were raised in response to the motion for summary judgment. As stated above, Pennsylvania courts have discretion regarding whether or not to consider additional evidence when

deciding a motion for reconsideration. *See McGrath Constr., Inc. v. Upper Saucon Twp. Bd. of Supervisors*, 952 A.2d 718, 729-730 (Pa. Cmwlth. 2008). When we determine whether a request for consideration of such additional evidence should have been granted, we examine whether "that evidence: 1) is new; 2) could not have been obtained at trial in the exercise of due diligence; 3) is relevant and non-cumulative; 4) is not for the purposes of impeachment; 5) and must be likely to compel a different result." *Leung v. Pennsylvania Public Utility Comm'n*, 582 A.2d 719, 721 (Pa. Super. 1990) (quoting *Hydro-Flex, Inc. v. Alter Bolt Co., Inc.*, 296 A.2d 874, 877 (Pa. Super. 1972)). As the trial court stated in its Rule 1925(a) opinion, Appellants had the medical records in their possession at the time they responded to Appellees' motions for summary judgment, yet failed to present such evidence at that time. Thus, the statements in the medical records are not "new" evidence. Therefore, we determine the trial court did not abuse its discretion in choosing not to consider this evidence and denying Appellants' motion for reconsideration.

As Appellants failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted Appellees' motions for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/25/2016</u>