# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abigail Ashton, | : | |
| Petitioner | : | |
| | : | No. 1890 C.D. 2016 |
| v. | : | Submitted: April 13, 2017 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON[1]**                    **FILED: November 28, 2017**


Abigail Ashton (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) denying reconsideration of its order affirming a referee's decision deeming her ineligible for unemployment compensation (UC) benefits under both Sections 402(b) and 401(d) of the Unemployment Compensation Law (Law).[2]  Claimant's petition for review was untimely as to the Board's decision on the merits, so only the Board's denial of reconsideration is before us.  Claimant presented no argument as to how the Board abused its discretion in denying reconsideration.  Thus, we are constrained to affirm.

---

[1] Reassigned to the author on October 18, 2017.

[2]  Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b) (relating to voluntary quit), and 43 P.S. §801(d)(1) (relating to availability for work).

# I. Background

Claimant worked for AG Administrators, Inc. (Employer) as a customer service representative from June 2011, until her last day of work in April 2016. Claimant suffered a neck injury in an off-duty car accident in 2014. Employer was aware of Claimant's medical condition and was accommodating. In April 2016, her condition worsened such that she could not move without pain or drive to work. At that time, Claimant was absent from the office for several weeks, and received a paid leave of absence for medical reasons.

Claimant filed for UC benefits, which the local service center denied pursuant to Section 401(d) of the Law, 43 P.S. §801(d)(1). Claimant appealed.

After Claimant filed for UC benefits, Employer advised her by letter that she was required to return to work by a specific date. Claimant did not return to work.

On August 16, 2016, a referee held a hearing where Claimant testified on her own behalf. Employer did not appear. During the hearing, Claimant confirmed her physician did not release her to return to work because a physical therapist had not yet assessed her abilities. Specifically, she testified as follows:

> R: Who -- when did your physician release you?
> C: Released me?
>
> R: To work.
> C: During this time I wasn't released.
>
> R: Has he released you yet?

C:  No.  I have to now -- the last time I saw him -- actually I just start physical therapy.  I can go back to work at this time but…

R:  When did -- when did he release you?
C:  I was just there on the 11th I think it was.

R:  When did he -- I need a note that says as of this day you can work in this capacity.
C:  That I don't have with me but I can certainly get.

R:  When did he release you?
C:  My appointment was on the 8/10 and I do apologize but without me knowing what information or questions you're going to ask me I don't -- I can't provide what you need.  I apologize.

R:  The first issue is whether you're able and available for suitable work.  That was identified on the Notice of Hearing.  So on August 10th did he release you full duty?
C:  Yes, I am released to go back to work.

R:  So between April 29 and August 10 what, if any, work could you perform
C:  I could work from home.

R:  And he put that in writing?
C:  My doctor?

R:  Yes.
C:  No, I don't -- I don't have anything in writing at this point.

***

R: So then when you saw him as of August 10 what were the -- what, if any, restrictions did he put on you?
C: Other than just taking it easy, no lifting…

R: But he said you can work?

3

C: <u>Correct.</u>

R: <u>And why didn't you bring a note showing that you were released as of August 10?</u>
C: <u>Because he officially can't say unless they do an assessment, physical assessment of everything of what I physically can do.</u>

R: <u>And who -- who does that assessment?</u>
C: <u>The physical therapist.</u>

R: And when is that occurring?
C: He just gave me the okay to get the physical therapy started. They never said I was not able to work. What it was that due to my condition, of course, as I mentioned, and medication I was under, it was in everybody's best interest that I not drive, I not perform the way I normally perform putting again myself at risk at driving or any other you know any other driver or pedestrians.

R: <u>Okay. And when is that assessment scheduled for?</u>
C: <u>I just received the paperwork so I have to schedule everything.</u>

Referee's Hr'g, 8/16/16, Notes of Testimony (N.T.) at 6-7, 8-9 (emphasis added). Thus, at the hearing, Claimant admitted she did not have anything in writing from her doctor releasing her to work or confirming her ability to work at home.

As of the date of the hearing, August 16, 2016, Claimant knew she needed "a note that says as of this day you can work in this capacity." <u>Id.</u> at 6. Although Claimant supplemented the record with e-mails she sent to Employer later that day, none of them confirmed her ability to return to work or specified her physical restrictions. Certified Record (C.R.), Item No. 10.

The day after the hearing, the referee found Claimant ineligible for UC benefits pursuant to Sections 402(b) and 401(d)(1) of the Law, 43 P.S. §§802(b), 801(d)(1). The referee made the following relevant findings:

> 10. On June 30, 2016, [Employer] informed [Claimant] she was required to return to work by July 15, 2016.
>
> 11. [Claimant] provided [Employer] with a doctor's note dated June 29, 2016, indicating she could not return to work until August 12, 2016.[3]
>
> 12. [Claimant] did not present any documentation beyond [the doctor's note] to indicate what if any restrictions are on her ability to work as of August 12, 2016.

Referee's Dec., 8/17/16, Finding of Fact (F.F.) Nos. 10-12 (emphasis added). In her discussion, the referee explained that Claimant testified she must undergo an assessment by a physical therapist in order to determine what if any restrictions are on her ability to work. Referee's Dec. at 3. The referee also stated: "The Claimant remains ineligible for benefits until such time as the Claimant provides proof, such as a release from a physician to the Department showing that the Claimant is able to work." Referee's Dec. at 3 (emphasis added).

A week later, Claimant appealed to the Board, and asked for a remand hearing. Although she "request[ed] an opportunity to show the necessary paperwork stating that I am able to work since what I had was not sufficient," C.R. at Item No. 12 (Petition for Appeal), she did not attach or describe an existing release from a physician showing that she was able to work.

---

[3] In its entirety, the handwritten, signed note stated: "Please excuse [Claimant] from work until 8/12/16 so she can undergo a medical treatment. If you have any questions please do not hesitate to contact us." Referee's Hr'g Tr., Ex. 1.

5

After acknowledging the request for a remand hearing, the Board affirmed the referee, adopting her findings of fact and conclusions. The Board's decision included written instructions for requesting reconsideration. After explaining the time within which to request reconsideration, the instructions state:

> Reconsideration will be granted only under very limited circumstances, for 'good cause.' The Board, in most cases, cannot revisit its previous credibility determinations. <u>Also, the Board will not accept additional evidence, unless the party could not have presented the evidence at an earlier stage</u>.

Id. at 2 (emphasis added).

About a week later, on September 28, 2016, Claimant requested reconsideration. C.R., Item No. 15. Although she asked for "the opportunity to supply you with a note from my doctor stating I am able to return to work," she again did not attach or even describe an existing release from a physician showing that she was able to work. Id. at 1. Nor did she explain why such a release was not previously available, consistent with the written instructions. Id. Instead, she indicated that she had an appointment with her treating doctor on October 5, 2016. Id.

On October 4, 2016, more than six weeks after the hearing, Claimant sent an e-mail to the Board. C.R., Item No. 17, at 1. She attached a note dated September 28, 2016, from "The PENN Pain Medicine Center," which stated:

> This is to clarify that the above named patient is under our professional care. She is currently being seen by the PENN Pain Medicine Center, under the care of Dr. Badiola. She had a procedure to reduce her neck pain back in July. She has recovered sufficiently to return to her work in customer service.

6

Id. at 3. Unlike all the past communications from medical providers that Claimant submitted, this note was unsigned, and it did not identify the author. Id. Claimant did not explain why the unsigned note was not previously available. Id. at 1.

Ultimately, the Board denied Claimant's request for reconsideration. Claimant filed a timely petition for review from the order denying reconsideration.

## II. Discussion

On appeal, Claimant argues the Board erred in affirming the referee when she submitted additional evidence, post-hearing, regarding her medical condition and her ability to return to work. She contends the Board erred in not considering the additional evidence. She also asserts she made reasonable efforts to preserve her employment by maintaining consistent communication with Employer regarding her medical condition.

Because Claimant did not timely appeal the Board's merits decision, only the Board's decision denying reconsideration is before us. Thus, our review is limited to whether the Board abused its discretion in denying reconsideration. Ensle v. Unemployment Comp. Bd. of Review, 740 A.2d 775 (Pa. Cmwlth. 1999).

An abuse of discretion occurs if the Board decision demonstrates bad faith, fraud, capricious action or abuse of power. Id. The denial of a request for reconsideration may be reversed only for a clear abuse of discretion. Bushofsky v. Unemployment Comp. Bd. of Review, 626 A.2d 687 (Pa. Cmwlth. 1993).

7

Pursuant to Board regulations, an aggrieved party may seek reconsideration in order to submit additional evidence. 34 Pa. Code §101.111. However, such requests "will be granted only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code §101.111(b) (emphasis added); see Ensle. "In determining whether 'good cause' exists, the Board must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether it failed to consider relevant law." Ensle, 740 A.2d at 779.

Legally, in her uncounseled brief, Claimant does not raise any recognizable argument regarding the denial of reconsideration.[4] Instead, Claimant's argument pertains to the merits, specifically that she made reasonable effort to preserve employment by taking necessary steps as stated in Section 402(b) of the Law. Pet'r's Br. at 9. She writes: "The burden is on the claimant to show that, prior to quitting continuing employment, he/she made every effort to maintain the employer/employee relationship." Id.

Here, the absence of argument directed to the denial of reconsideration is not a technical quibble. Notwithstanding waiver, Claimant did not identify any abuse of discretion by the Board to warrant reversal. See e.g., Gottardy v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1493 C.D. 2014, filed February 20, 2015) (unreported), 2015 WL 5161411 (affirming Board's denial of reconsideration where claimant failed to brief abuse of discretion issue).

---

[4] Failure to address matters in an appellate brief results in waiver. Com. v. Spotz, 716 A.2d 580 (Pa. 1998).

8

Moreover, Claimant still does not explain why she could not have presented her evidence at an earlier stage, consistent with the instructions for requesting reconsideration. This lack of explanation is especially stark in light of Claimant's assertion at the hearing that she had already been released to work and she "can certainly get a note" from her doctor. N.T. at 6; see Dep't of Auditor Gen. v. Unemployment Comp. Bd. of Review, 484 A.2d 829 (Pa. Cmwlth. 1984) (reconsideration properly denied when new evidence was available at time of hearing and record contained no explanation for lengthy delay).

Because Claimant does not offer any explanation for the delay between the August 16 hearing and the submission of the unsigned note by e-mail on October 4, she did not establish good cause for reconsideration. Georgia-Pacific Corp. v. Unemployment Comp. Bd. of Review, 630 A.2d 948, 953 (Pa. Cmwlth 1993) (explaining "no good cause to grant rehearing where the requesting party did not act to protect its own interests by presenting crucial evidence at the initial hearing and asserted no reason for its failure to make the 'new' evidence available at that time") (citations omitted); see generally, Leung on Behalf of House of Lee, Inc. v. Pa. Pub. Util. Comm'n, 582 A.2d 719 (Pa. Cmwlth. 1990) (party seeking consideration of new evidence needs to show evidence could not be obtained with reasonable diligence).

In the face of Claimant's failure to explain why her evidence could not have been presented at an earlier stage, and her delay in submitting it, we discern no clear abuse of discretion in the Board's order denying reconsideration.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order denying reconsideration. Accordingly, the Board's order on the merits stands.

_____
ROBERT SIMPSON, Judge

Senior Judge Pellegrini dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abigail Ashton,        :
      Petitioner    :
           :   No. 1890 C.D. 2016
     v.        :
           :
Unemployment Compensation   :
Board of Review,      :
      Respondent   :

# **O R D E R**

**AND NOW**, this 28th day of November, 2017, the order of the Unemployment Compensation Board of Review denying reconsideration is hereby **AFFIRMED**.

             _____
             ROBERT SIMPSON, Judge